# WILLIAM H. STEWART *et al.*

*v.*

# WILLIAM T. KIRK, Admr.

1. WITNESS—*competency of, in suit against an estate for an account.* Where, in a suit at law by minor heirs against an administrator of an estate, to recover moneys received by the intestate, which belonged to the plaintiffs' father's estate, it was, by stipulation, agreed that the plaintiffs' mother and her present husband should be made parties, and the cause should be heard by the court, and determined according to equity: *Held,* that the mother of the minor plaintiffs was not a competent witness to testify generally for the purpose of establishing her own claim, but that she was competent to prove any fact to establish the claim on behalf of the minor plaintiffs.

2. SAME—*when competent for one purpose but not for general purposes, it should appear for what purpose his testimony is sought.* Where a witness sought to be examined is competent as to certain facts, but not as a general witness, and he is objected to as incompetent, the party desiring his testimony should state what he proposes to prove by him, so that the court may know that it is proper, otherwise this court can not say there is any error in refusing to allow him to testify.

3. SAME—*as to conversation after the death of intestate in suit against his estate.* In a suit against the administrator of an estate upon a claim, the administrator proved certain declarations or admissions of the plaintiff as to the state of the account, after the intestate's death. The plaintiff then offered to testify and explain what he did say to the witnesses, which the court below refused to allow: *Held,* that the court erred, as the plaintiff was a competent witness to explain or contradict the statement of the witnesses in regard to the particular conversation.

4. ACCOUNT—*when cause should be referred to master to state.* Where it was stipulated, in a suit at law, that the same should be heard by the court as an equitable proceeding; and that the finding of the court should include all matters triable at law or in equity, and the balance found in favor of such as should be entitled thereto, the same as if separate suits had been brought: *Held,* that the case should have been referred to the master in chancery or a special commissioner to state and report an account between the several parties, as, under the stipulation, the suit must be treated and conducted as in chancery.

APPEAL from the Circuit Court of De Kalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Mr. A. C. ALLEN, for the appellants.

Mr. CHARLES KELLUM, and Mr. R. L. DIVINE, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This suit was originally commenced by the minor plaintiffs, in assumpsit, against the defendant, as administrator of the estate of John Riddle, deceased, to recover certain moneys alleged to have been received by the intestate in his lifetime from the estate of their father, Samuel McStewart, deceased.

It appears that Samuel McStewart died leaving surviving him a widow, Susan, since intermarried with Richard H. Churchill, and the plaintiffs to the suit in assumpsit, his only children and heirs at law. No administration was granted upon his estate, but John Riddle, the father of the widow, Susan, took charge of it so far as to collect a considerable sum of money due the estate, and out of this to make payments to the widow, and perhaps to creditors. He died intestate, without making a final settlement of the trust thus voluntarily, and without authority of law, assumed, and the defendant was appointed his administrator.

Before any trial was had in the suit in assumpsit, Richard Churchill, and his wife, Susan, were made parties by stipulation, and the character of the case, as finally tried, must be determined by the stipulation. It is in these words:

"It is hereby mutually stipulated and agreed by and between the above parties, and also by and with Richard H. Churchill, and Susan Churchill, his wife, that the above cause is to be submitted to the court for trial without a jury, and the said Richard H. Churchill and Susan Churchill are to be treated and considered as parties to this suit, both in their joint and individual right, not, however, to in any way interfere with or prejudice the rights of the minor plaintiffs, and that all claims they, or either of them, may have against the estate

of said John Riddle, deceased, may and shall be litigated and determined by the court in this proceeding, and all set-offs or claims that said estate may have against them, or either of them, may and shall be determined by the court in this case; it being the true intent and meaning of this stipulation and agreement that the finding of the court shall include all matters triable at law, or in equity, existing between said minors and said estate, and also between said Churchill and wife, or either of them, and said estate, the same as if separate and appropriate suits had been brought therein, either by said estate, or by Churchill and wife, or by said minor plaintiffs and their mother, Mrs. Churchill. And if there shall be a finding or judgment in favor of R. H. Churchill, the suit now pending in DeKalb county court is to be dismissed at the costs of said estate, otherwise it is to be dismissed at the costs of said R. H. Churchill. And it is also admitted that Susan Churchill was the daughter of John Riddle, deceased, and the mother of the minor plaintiffs by a former husband, and is now the wife of Richard H. Churchill, and that said suit or suits may be heard and tried without further pleadings in the case, the court to give costs as shall be equitable and just. This stipulation to bind all parties named herein or none."

After introducing some evidence, the plaintiffs introduced and proposed to examine Mrs. Churchill as a witness. To this the defendant objected, and the court sustained the objection, and refused to allow her to testify, to which the plaintiffs excepted.

It is claimed by appellants that she was a competent witness on behalf of the minor plaintiffs, and that it was error to refuse to permit her to give evidence. Defendant insists that it does not appear for what purpose she was introduced, and that the objection falls within the rule announced by this court in *Winslow et al.* v. *Newlan et al.* 45 Ill. 150, and in this he is clearly right. It was there said: "It is not stated in the record, and we can not judicially know, that he (the witness) would have testified to any fact that would have been

beneficial to them. When they proposed to examine him, they should have stated what they could prove by him, so that the court could have determined whether it would have been material to their defense."

We think, under the terms of this stipulation, Mrs. Churchill is a competent witness by whom to prove any fact tending to establish the claim on behalf of the minor plaintiffs; but she is not a competent witness to testify generally for the purpose of establishing her own claim or that of her husband. As we are not advised what it was expected to prove by her, we are unable to say that the court erred in its ruling on this point.

What has been said in reference to the refusal to permit Mrs. Churchill to testify, disposes also of the objection made on account of the refusal of the court to hear the evidence of her husband, Richard H. Churchill, when he was offered as a witness to testify generally.

During the progress of the trial, the defendant proved, among other things, by John McDowell and John Luckett, that in a conversation with them on the day of the intestate's funeral, one of the plaintiffs, Richard H. Churchill, said he didn't know what to do; that he supposed he owed the old man, alluding to the intestate, $500 or $600, and he supposed they would want it right off."

Plaintiffs, in rebutting, offered Churchill as a witness to explain what was said at the time alluded to by these witnesses, but the defendant objected, and the court sustained the objection and refused to allow the witness to make the explanation. To this the plaintiffs also excepted.

It will be observed that the conversation alluded to by these witnesses occurred after the death of the intestate. The first exception to the second section of the act approved Feb. 19, 1867, relating to the competency of witnesses, is in these words: "In any such action, suit or proceeding, a party interested may testify to facts occurring after the death of such deceased." We are of the opinion that, under this excep-

tion, Churchill was a competent witness to explain or contradict the statement of the witnesses in regard to the particular conversation, and that the court erred in refusing to permit him to testify for that purpose.

The court below, without stating an account between the parties, found for the defendants. We are now asked to revise the action of the court in this respect, and to state an account between the parties; and to aid us therein, the original memorandum books of the parties are transmitted with the record. We do not regard this as one of the duties imposed upon an appellate court, and pressed, as we are, for time in which to discharge our legitimate duties with that care their importance demands, we are not inclined to invade the province of the court below. This case should be referred to the master in chancery, or to some skillful accountant as a special commissioner, to state and report an account between the parties; and for that purpose, under the terms of the stipulation, the proceeding should be treated and conducted as in chancery, and governed by the rules of practice applicable to trials in chancery.

It is to be hoped that this case will not be taken in the future as a precedent. Instances are rare, indeed, where, as in this record, those rules relating to the form of action and mode of conducting trials which have had the approval of both the judicial and legislative departments of the government for years, can be departed from without working injury to the parties concerned. We greatly fear that this case will prove no exception to the rule.

The judgment of the court below is reversed, and the cause remanded, with directions to that court to cause an account to be taken and stated between the parties, and for such proceedings thereon as to justice and equity may appertain.

*Judgment reversed.*