SUSAN BARNARD *et al.*

*v.*

CHARLES E. BARNARD.

*Filed at Springfield October 6, 1886.*

1. ADOPTION OF CHILDREN—*of the petition—its requisites.* A petition by a party to enable him to adopt a child under the act of 1867, in order to give the court jurisdiction to act, need not recite any jurisdictional facts except those the statute specifies shall be recited.

2. The law does not require the petition to state the name of the father of the child, and that he consents, whether he is dead, or, if he be alive, that he has abandoned the child. In such case, it will be sufficient to state the mother's name, and that she consents, and the failure to allege in the petition the death of the father, or his abandonment, will not go to the jurisdiction of the court. When the father is not named, it will be presumed he was dead or had abandoned his child.

3. SAME—*jurisdiction of county court—presumption.* Where an order of the county court, made in 1870, for the adoption of a child, is shown, it will be presumed that the court had jurisdiction, unless it appears from the record itself that it could not have had jurisdiction in any contingency, or unless the statute authorizing the court to act, requires the record affirmatively to show, precedent to its decree, some fact which it fails to show.

4. SAME—*questioning decree collaterally.* An order or decree of the county court, made under the act of 1867, declaring a child to be the adopted child and heir of another, if the court had jurisdiction to act at all, however erroneous it may be, must stand until reversed in some direct proceeding.

5. WITNESS—*competency of party as against one suing as heir.* On bill by a minor adopted heir for the partition of the lands of which his adopting father died seized, and for the assignment of dower, the widow of the deceased ancestor is not a competent witness to prove advances made by her to her husband, to discharge incumbrances on the land, and have such advances made a lien on the premises in her favor.

6. INFANT—*whether his rights waived by failing to object.* An objection to the competency of a party to testify in his own behalf, is not waived by an infant party by his failing to object at the proper time.

7. ADMINISTRATION OF ESTATES—*claim for money loaned to remove incumbrance—how to be adjusted—whether as a lien upon the land—lapse of time as a bar.* If a man's wife in his lifetime loans him money with which to remove incumbrances from his lands, and he dies without having repaid her, she should file and prove her claim against his estate within a reasonable time, and failing to do so, she will be deemed as having waived it, and will not be allowed to have it decreed a lien on the lands as against the heirs.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. TIPTON & BEAVER, for the appellants:

The right to inherit property from adoptive parents, exists only by virtue of statutory enactments. *Tyler* v. *Reynolds,* 53 Iowa, 148; *Wallace* v. *Rappleye,* 103 Ill. 258.

In order to effect the adoption of a child under the act of 1867, the petition must show, first, that the court applied to is of the same county with the petitioner; second, the name, age and sex of the child; third, and if the name of the child is to be changed, it must state the new name, and give the name of the child's father, or, if he be dead or has abandoned his family, then the name of the mother, and if there

be neither parent, then its guardian, if any, is to be named; and fourth, the consent of the father.

The petition could be presented only to the court of the petitioner's county, and the petition failing to show the residence of the petitioner, the court had no jurisdiction. *Bowen* v. *Bond*, 80 Ill. 356.

It must be affirmatively shown by the petition that the father is dead or has abandoned his family. *Luppie* v. *Winans*, 27 N. J. Eq. 249.

The right of inheritance through adoption can be acquired only by a strict compliance with the statute. *Tyler* v. *Reynolds*, 53 Iowa, 148; *Weaver* v. *Weaver*, 56 id. 585.

Mr. JOHN E. POLLOCK, and Mr. A. G. KARR, for the appellee:

The presumption is, that the evidence before the county court showed a case authorizing its action. As there is no law requiring the judge to preserve the proof in the record, it will be presumed proof of the death or abandonment of the father was received and acted upon. *Schnell* v. *Chicago*, 38 Ill. 390; *Stow* v. *Kimball*, 28 id. 107; *Fitzgibbon* v. *Lake*, 29 id. 177; *Henline* v. *People*, 81 id. 271; *Moffit* v. *Moffit*, 69 id. 646; *Housh* v. *People*, 66 id. 181.

The allowance by the decree, in the present case, of $2364 to Susan Barnard, on account of loans, and interest thereon, claimed by her to have been made to her husband, was error. The law is settled, in this State at least, that a court of equity will not ordinarily assume jurisdiction until the claimant shall have exhibited his claim, and had it allowed in the county court, and then, if any special reasons that may be deemed sufficient can be assigned why that court can not afford the requisite relief, equity will assist him, but not otherwise. *Harris* v. *Douglas*, 64 Ill. 469; *Freeland* v. *Dazy*, 25 id. 296; *Armstrong* v. *Cooper*, 11 id. 561.

A creditor is considered to have waived his lien upon property descended, if he does not pursue his remedy within a

reasonable time; and where the delay of the creditor is unexplained, the period of seven years from the death of the intestate is properly adopted, by analogy to the lien of judgments, and the limitation for entry upon and recovery of lands as a bar to such liens. *McCoy* v. *Morrow,* 18 Ill. 519; *Reed* v. *Colby,* 89 id. 106.

The claim for $2364 was allowed to Susan Barnard upon the testimony of herself, alone. She was an incompetent witness, under the statute, and the court erred in receiving her testimony, and in rendering a decree upon her testimony in her favor. Rev. Stat. sec. 2, chap. 51, p. 600; *Stewart* v. *Kirk,* 69 Ill. 509; *Connelly* v. *Dunn,* 73 id. 218; *Mahoney* v. *Mahoney,* 65 id. 407.

Neither the guardian of Charles E. Barnard, nor his attorneys, could, even if so disposed, bind him by permitting the evidence of an incompetent witness to be received to his prejudice. *Waugh* v. *Robins,* 33 Ill. 182; *Rhodes* v. *Rhodes,* 43 id. 249; *Quigley* v. *Roberts,* 44 id. 505; *Barnes* v. *Hagleton,* 50 id. 431; *Railroad Co.* v. *Kennedy,* 70 id. 364.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is a bill in equity, by Charles E. Barnard, claiming to be an heir-at-law, by adoption, of Walter Barnard, deceased, against Susan Barnard, the widow, and Lydia Robertson and Walter Barnard, Jr., the only children of said Walter Barnard, and Alexander Robertson, the husband of said Lydia, for assignment of dower and partition. The circuit court decreed that the complainant is an heir-at-law, by adoption, of Walter Barnard, deceased, and, as such, entitled to have partition of his estate, subject, however, to a prior lien thereon in favor of Susan Barnard, for certain advances by her to her husband, the said Walter, in his lifetime. The case comes here by the appeal of the defendants to the bill, who assign for error the finding that the complainant is an heir-at-law, by adoption, of the said Walter Barnard, deceased; and the

complainant assigns as a cross-error, that the court erred in finding that the widow, Susan, was entitled to a prior lien upon the premises for the amount of the advances by her to her husband.

The statute in force when the proceedings were had in the county court of McLean county, in reference to the adoption of the complainant by said Walter Barnard, reads as follows: "That any person desirous of adopting a child, so as to render it capable of inheriting his or her estate, may present a petition to the circuit or county court of his or her residence, setting forth the name, age and sex of such child, and if such person desires the name changed, stating the new name; also, the name of the father, or if he be dead, or has abandoned his family, the mother, and if she be dead, the guardian, if any, and the consent of such father or mother to the act of adoption. And if the child has no father or mother, then the consent of no person shall be necessary to said adoption. It shall be the duty of the court, upon being satisfied of the truth of the facts stated in the petition, and of the fact that such father, mother or guardian has notice of such application, and being further satisfied that such adoption will be to the interest of the child, to make an order declaring said child to be the adopted child of such person, and capable of inheriting his or her estate, and also what shall be the name of such child; and thenceforward the relation between such person and adopted child shall be, as to their legal rights and liabilities, the same as if the relation of parent and child existed between them, except that the adopted father or mother shall never inherit from the child; but to all other persons the adopted child shall stand related as if no such act of adoption had been taken." Laws 1867, p. 133.

The petition filed in the county court reads thus:

"*To A. J. Merriman, County Judge of McLean County:*

"The undersigned represents to your honorable court, that he is desirous of adopting, as his own, a minor male child

by the name of Charles E. Barr, aged four years August 20, 1870, and hereby requests your honorable court to make an order declaring said minor child his adopted child, and capable of inheriting his estate, and that his name be changed to Charles E. Barnard,—the mother, Lucinda A. Read, of said minor child, consenting and requesting that the above petition be granted.                                 WALTER BARNARD.

"BLOOMINGTON, *August 20, 1870.*"

"I, Lucinda A. Read, the mother of the above named child, hereby consent and request that the petition of the above named Walter Barnard be granted.          LUCINDA A. READ.

"BLOOMINGTON, *August 20, 1870.*"

Upon the back of which petition is the following indorsement: "Filed August 20, 1870.—J. W. STRAIGHT, *Clerk.*"

The order of court thereupon reads:

"*In the matter of the adoption of Charles E. Barr, a minor:*

"And now, on this day, comes Walter Barnard, and presents his petition to the court, to the effect that the said court will make an order declaring the said Charles E. Barr, (a minor child, aged four years August the 20th, 1870,) to be the adopted child of the said Walter Barnard, and capable of inheriting his estate. And also, at the same time, appears Lucinda A. Read, the mother of said child, and signifies her willingness to such adoption by signing a written consent to that effect. And the said petitioner also prays an order of the court declaring the name of said minor child to be changed from that of Charles E. Barr to that of Charles E. Barnard. It is therefore ordered by the court, that the said Charles E. Barr, a minor, be and is hereby made and declared to be the adopted child of the said Walter Barnard, and as such adopted son is capable of inheriting the estate of the said Walter Barnard, as in such cases by law made and provided. And it is further ordered by the court, that the name of the said Charles E. Barr, a minor, be changed to Charles E. Barnard."

7—119 ILL.

It is contended that this order is a nullity, because, first, it is not shown in the petition that the county of McLean was the county of the residence of the petitioner; and second, the consent of the father of the child is not shown, by the petition, to have been obtained to the adoption, nor is it therein shown that he was dead, nor is his name given.

It is not important, here, to inquire,—this record coming before this court collaterally,—whether the county court erred, simply, in decreeing as it did. The question is, did it have jurisdiction to make any decree in the matter. If it had jurisdiction to decree in the case, the decree, until reversed, however erroneous, merely, must stand. It will be observed the statute clearly gives the court power to decree as to the subject matter, and the only question, therefore, is, whether the parties required by the statute to be before the court, in order that such a decree be rendered, were in fact before the court. The presumption, in the first instance, is, that the court had jurisdiction, unless it is apparent from the act itself that the court could not have had jurisdiction in any contingency, or unless the statute empowering the court to act requires the record to affirmatively show, precedent to its decree, some fact which it fails to show.

There being no pretence of anything, here, showing, affirmatively, that Walter Barnard did not, at the time of presenting the petition, reside in McLean county, or that the complainant had a father alive who had not abandoned him at the time, it only remains to examine whether the petition affirmatively recites all the jurisdictional facts which the statute specifies shall be recited in it, for we have held no more need be recited. *Stow* v. *Kimball*, 28 Ill. 107.

We have seen, the statute requires that the name of the father shall be stated, and that he consents to the adoption; but this is only in the event that he is alive, and has not abandoned the child, for, if he be dead, or, if he be alive and has abandoned the child, it is only necessary to state the

name of the mother, and that she consents to the adoption. The fact of the father's death or abandonment is not required to be affirmatively stated. It may be that good pleading requires that such a statement should be made, and that its omission would be fatal on a direct proceeding,—as to which we express no opinion,—yet the statute only requires, as a jurisdictional fact, that the parent be named who has the actual custody and guardianship of the child, and that it be shown that that person consents to the adoption. It is not required that it shall be stated in the petition, or otherwise affirmatively shown, that the petitioner resides in the county. In this proceeding, it will be presumed that the court heard proof of the facts which required it to decree as it did. *Stow* v. *Kimball, supra; Fitzgibbon* v. *Lake,* 29 Ill. 177; *Schnell* v. *Chicago,* 38 id. 390; *Housh* v. *People,* 66 id. 181; *Moffitt* v. *Moffitt,* 69 id. 646; *Henline* v. *People,* 81 id. 271; *Bostwick* v. *Skinner,* 80 id. 152.

We are of opinion, however, that the decree below should be reversed on the cross-error assigned. The decree finds "that the defendant, Susan Barnard, on the . . . . . . day of June, 1871, furnished to her husband, Walter Barnard, $1000 to pay off incumbrances on the said real estate, and that on January 25, 1864, she furnished to him $200 to redeem said premises from sale upon the judgment of A. Gridley & Co., which said sums the said Susan Barnard is entitled to have refunded to her, with interest from the respective dates when said sums were furnished, at the rate of six per cent per annum." And the court thereupon decrees, "that the said Susan Barnard, in addition to her estate in said property as herein defined, is entitled to have refunded to her the amount of the said $1000 furnished by her to her said husband in June, 1871, and the sum of $200 furnished to him January 25, 1864, with interest on said respective sums at six per cent per annum,—which said claim, with the interest, amounts now, in the aggregate, to the sum of $2364, which amount

the court doth order, adjudge and decree to be paid to the said Susan Barnard, by the said Charles E. Barnard, Lydia M. Robertson, and Walter Barnard, Jr., equally, and that the said amount be and the same is hereby made a charge upon the shares of said parties in the said premises, as the same may be hereafter allotted and set off to them in pursuance of this decree."

This is supported by the testimony of Susan Barnard, the claimant, and widow of the deceased, alone. She was clearly an incompetent witness for this purpose. *Stewart* v. *Kirk,* 69 Ill. 509; *Mahoney* v. *Mahoney,* 65 id. 407; *Connelly* v. *Dunn,* 73 id. 218.

The complainant being a minor, the question of the incompetency of the testimony has not been waived. *Waugh* v. *Robbins,* 33 Ill. 182; *Rhoads* v. *Rhoads,* 43 id. 249; *Quigley* v. *Roberts,* 44 id. 505; *Barnes* v. *Hazleton,* 50 id. 431; *Chicago, Rock Island and Pacific Railroad Co.* v. *Kennedy,* 70 id. 364.

Nor is any satisfactory reason shown why this claim was not probated against the estate. Not having pursued her remedy in the county court within a reasonable time, she is to be deemed as having waived it. *Harris* v. *Douglas,* 64 Ill. 469; *Freeland, Exr.* v. *Dazey,* 25 id. 296; *Armstrong* v. *Cooper,* 11 id. 561; *Reed* v. *Colby,* 89 id. 106; *McCoy* v. *Morrow,* 18 id. 519.

That part of the decree giving Susan Barnard a lien on the land in controversy to the amount of $2364, as above recited, is reversed, and the balance of the decree is affirmed. The costs will be taxed against the appellants.

*Decree reversed in part and in part affirmed.*

Mr. JUSTICE SHELDON dissents, for the reason that the petition for adoption does not state the jurisdictional fact, required to be stated in the petition, of the consent of the father, or his death, or abandonment of his family.