(No. 15004.—Circuit court reversed; county court affirmed.)
In the Matter of the Estate of Mary F. Bohn.—(J. MAR-
    TIN McNABB *et al.* Appellees, *vs.* IDA MAY IRVINGTON,
    Appellant.)
                    *Opinion filed April 18, 1923.*

1. ADOPTION—*record of proceeding must show substantial com-
pliance with statute.* A proceeding for adoption is entirely statu-
tory, and the record must show such a substantial compliance with
the statute as is necessary to give the court jurisdiction in exer-
cising the powers conferred.

2. SAME—*when record of adoption shows sufficient compliance
with the statute.* In a proceeding by an administrator to determine
who are the heirs of the intestate the record of an adoption pro-
ceeding had forty years previous cannot be attacked on jurisdic-
tional grounds, where it shows a compliance with the statute ex-
cept that the written consent of the father was not obtained, it
being alleged in the petition that his given name and whereabouts
were unknown to petitioners and that he had deserted the child's
mother, whose written consent to the adoption was filed with the
petition. (*Watts* v. *Dull,* 184 Ill. 86, criticised.)

3. SAME—*written consent filed with petition for adoption may
be considered part of petition.* The mother's written consent filed
with and referred to in the petition for the adoption of her child
by the petitioner may properly be considered a part of the petition.

4. SAME—*sufficiency of allegation of the father's desertion.* An
allegation in a petition for adoption that the child's father had de-
serted her mother must be held to mean that he had also deserted
the child, and as against a collateral attack by heirs of the adoptive
parents the petition need not allege that the desertion has contin-
ued for the space of a year.

5. JUDGMENTS AND DECREES—*when formal decree need not be
entered nunc pro tunc.* The formal writing and recording of a
judgment or decree is to preserve an accurate record of the court's
action, and where the judge of a court which has jurisdiction of
an adoption proceeding writes on his docket what his decision is
and embraces in the entry the findings and orders required by the
statute and the clerk transcribes such entry into the records of
the court, it is not essential to the sufficiency of the record in a
collateral proceeding forty years afterwards to order the filing of
a formal decree *nunc pro tunc.*

DUNN, J., dissenting.

APPEAL from the Circuit Court of Christian county;
the Hon. F. R. DOVE, Judge, presiding.

HOGAN & REESE, for appellant.

E. E. DOWELL, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This litigation arose in the county court of Christian county upon the application of the administrator of Mary F. Bohn, deceased, to have determined who are her heirs. Mary F. Bohn died intestate as to certain real estate of about the value of $7000. Her husband, Henry C. Bohn, had pre-deceased her, and she left no children born to her of her marriage nor descendants of such children. Her nearest blood kin are cousins residing in another State. Appellant, Ida May Irvington, claimed to be the adopted daughter of Henry C. and Mary F. Bohn, and that as such adopted child she inherited the intestate estate of her adoptive parent. The county court heard the matter and sustained the claim of appellant to inherit the estate as the adopted daughter of deceased. The collateral kin of Mary F. Bohn appealed to the circuit court, where on a hearing it was held Ida May Irvington was not the adopted daughter of deceased and did not inherit her estate or any part of it. The collateral kin were held by the circuit court to be entitled to the estate of Mary F. Bohn as her legal heirs. Ida May Irvington has prosecuted an appeal to this court from that judgment on the ground that a freehold is involved.

The decision of the case depends upon the sufficiency of proceedings in the county court of Marion county in 1882 for the adoption of the appellant by Henry C. and Mary F. Bohn. They filed a petition to adopt Ida Venella Leadbettes, alleging she was a female child three years, four months and fifteen days old; that her mother, Lucinda C. Leadbettes, had been deserted by her husband and was unable to support her children; that the mother had given her con-

sent in writing that petitioners might adopt the child, which consent was attached to the petition. The petition alleged the mother's then residence was Independence, Kansas, and that the given name of the husband was unknown to petitioners. With the petition was filed the affidavit of Henry K. Vincent that the signature of Lucinda C. Leadbettes to the consent for petitioners to adopt the child was the handwriting of Lucinda; that she was the mother of the child, and that affiant knew her husband had deserted her and that his whereabouts was unknown. A hearing was had on the petition August 24, 1882, and the judge made an entry on his docket that the court found the statements in the petition were true; that petitioners were fit and proper persons to adopt the child; that they were able to furnish her suitable support and education, and a decree was granted as prayed and the name of the child ordered changed to Ida Venella Bohn. These findings and orders were carried to and entered in the journal by the clerk of the county court but no formal decree was filed or entered in the records. Appellant in February, 1922, asked and obtained an order of the county court of Marion county to file *nunc pro tunc* a formal decree based on the judge's minutes and the clerk's entries, which decree was accordingly filed and appears in this record. The child lived with the Bohns until she grew to maturity and married, after which she resided elsewhere but made them visits at times. There can be no doubt her adoptive parents, as well as appellant, understood and considered that she was legally adopted, and the validity of the adoption was never questioned until it became necessary to determine who inherited Mrs. Bohn's intestate estate. The appellant contends the adoption proceeding was valid, and that by virtue of it she became the adopted daughter of the Bohns, and also argues at much length, and cites many authorities in support of the proposition, that this is a collateral attack on the validity of the adoption and appellees cannot again raise and litigate that question. Appellees

contend the record of the adoption proceeding shows on its face the county court of Marion county did not have jurisdiction to hear and determine the case and enter a decree, and that any decree entered therein is void for want of jurisdiction and not binding on appellees or anyone else.

The first act in this State for the adoption of children was passed in 1867. It was amended in 1874, but the jurisdictional requirements of the two acts were similar in all material respects. The adoption proceeding here involved was under the act as revised in 1874. Section 1 authorizes any resident of this State to petition the circuit or county court for leave to adopt a child not his own and for a change of the name of the child, if desired. If the petitioner has a husband or wife, both must join in the petition and the adoption shall be by them jointly. Section 2 prescribes what the petition shall state, and in substance the requirements are that the petition shall state the name, sex and age of the child, and if desired to change the name, the new name, the name and residence of the parents of the child if known to petitioners, the name of the guardian, if any, and whether the parents or the survivor of them, or the guardian, if any, consents to such adoption. Section 3, so far as material here, provides that if the court is satisfied the parents of the child, or the survivor of them, has deserted his or her family or such child for the space of one year preceding the application, or if neither is living, the guardian, or if there is no guardian the next of kin capable of giving consent, has notice of the presentation of the petition and consents to the adoption, and if the court is satisfied the facts stated in the petition are true and petitioners have the ability to furnish the child with suitable support and education and are proper persons to have the child, a decree shall be entered setting forth the facts, and ordering that the child, to all legal intents and purposes, be the child of petitioners, and that its name be changed according to the prayer of the petition.

Appellees contend the petition was not sufficient to give the county court jurisdiction (1) because it did not state the residence of the father of appellant nor allege his residence was unknown to petitioners; (2) it did not allege consent of the father to the adoption of the child nor allege the child had been deserted by the father but the allegation was the mother had been deserted by her husband, and it was not alleged the desertion had continued for the space of one year; (3) the name of the father is not mentioned in the petition. It is also contended the failure to have prepared, filed and entered of record a formal decree is fatal to appellant's claim of adoption, and that the entry of the decree in February, 1922, *nunc pro tunc*, was unauthorized and said decree is not entitled to be considered.

All the authorities hold that the proceeding by one person to adopt another is entirely statutory, and the record of the proceeding must show such a substantial compliance with the statute as is necessary to give the court jurisdiction in exercising the statutory powers conferred. The validity of an adoption under the act of 1867 was considered in *Barnard* v. *Barnard,* 119 Ill. 92. That was a partition suit brought by Charles E. Barnard against the widow and children of Walter Barnard, deceased, in which the complainant alleged he was the adopted son of deceased and entitled to share in his estate. The heirs disputed the validity of the adoption. The petition and decree are set out in full, and the petition, after stating the name, age and sex of the child, prayed an order of adoption and change of the child's name to that of petitioner. The petition stated the name of the mother and alleged she consented to the adoption. The mother's consent in writing was filed with the petition. There was no averment or statement in the petition as to who the father was, whether he was dead, or whether if alive he had deserted the child. The county court granted a decree for the adoption, which recited the mother consented to it in writing, and the name of the child was

changed as prayed in the petition.  One objection to the validity of the adoption was that it was not shown by the petition that the father was dead, nor was his name stated, and his consent was not obtained.  The court held the adoption was valid as against a collateral attack, and said:  "We have seen the statute requires that the name of the father shall be stated and that he consents to the adoption;  but this is only in the event that he is alive and has not abandoned the child, for if he be dead, or if he be alive and has abandoned the child, it is only necessary to state the name of the mother and that she consents to the adoption.  The fact of the father's death or abandonment is not required to be affirmatively stated.  It may be that good pleading requires that such a statement should be made and that its omission would be fatal on a direct proceeding,—as to which we express no opinion,—yet the statute only requires as a jurisdictional fact that the parent be named who has the actual custody and guardianship of the child and that it be shown that that person consents to the adoption."

In *Sullivan* v. *People,* 224 Ill. 468, the father of a child sought by *habeas corpus* to obtain its custody from the person who had and claimed the right to the child's custody by virtue of a decree of adoption rendered in 1903.  The petition for adoption alleged the mother of the child was dead, and that the father, who was a resident of the county, had deserted his wife and child for the space of six years.  No notice was given the father of the adoption proceeding.  The court held notice to him was necessary to give the court jurisdiction to divest him of his parental rights, and said the decree of adoption was void "as against him," but that no other person could complain that the father's rights had been infringed, and the decree of adoption would be conclusive on the parties to the proceeding and their heirs.

In *Kennedy* v. *Borah,* 226 Ill. 243, a party claimed the right, as an adopted child of the deceased, to inherit the estate of the deceased, and the next of kin by blood to the

deceased disputed the validity of the adoption. The adoption proceeding was had in 1868, and afterwards the court house and records were destroyed by fire. The facts as to the adoption proceeding were proved by parol, and it could not be shown, after a lapse of more than thirty years, just what the petition alleged and the decree found, but it was proved that a petition was filed and decree entered. The court said: "Under such circumstances the most exact proof could not have been expected and was not required. There must be a substantial compliance with the provisions of the statute conferring jurisdiction on the court, but the construction is not to be so narrow or technical as to defeat the intention of the legislature and thereby invalidate a proceeding where every material provision of the statute has been complied with, and a decree in such a case is not open to collateral attack on the ground that it is erroneous, if the jurisdictional facts appear." The court referred to *Barnard* v. *Barnard, supra,* and said in that case, while the rule of law as to presumptions of jurisdiction in a case of that character was perhaps not accurately stated, the question involved was decided correctly. The court also held that whether the facts proved justified the decree could not be inquired into in a collateral proceeding.

In *Flannigan* v. *Howard,* 200 Ill. 396, the nearest of kin by blood to a deceased person disputed the validity of the adoption of one who claimed to be the adopted child of the deceased by virtue of a decree of the county court in 1898. The adopted child was the grandchild of the adoptive parent. The petition was accompanied by the written consent of the father and mother to the adoption. The court said it was conceded that if the county court had jurisdiction to enter the order of adoption it could not be collaterally attacked. The objection to the jurisdiction was that the petition failed to state the place of residence of the parents. The court held all the jurisdictional facts appeared; that while a substantial compliance with the stat-

ute was necessary, the construction of the statute should not be so narrow or technical as to invalidate the proceeding when the material provisions had been complied with.

Great reliance is placed by appellees on *Watts* v. *Dull*, 184 Ill. 86. In that case an adopted child claimed an interest in the estate of a deceased adoptive parent and it was claimed the adoption was invalid. The petition for the adoption was filed by Catherine Jarvis. The petition stated the father of the child was dead and the mother had deserted it; that the husband of petitioner was insane, was confined in an asylum, and petitioner was his conservator. The court, after referring to the rules applicable to proceedings of courts in the exercise of statutory jurisdiction, held the petition not being signed by the husband of petitioner did not give the court jurisdiction. The court further held that the statute requires the petition to state the name and residence of the parents if known to petitioner, and said as the petition did not state the name and residence of the parents were unknown to petitioner and there was no consent to the adoption, the presumption that they were unknown would not be indulged, and in that respect the petition was not sufficient to give the court jurisdiction. That case is not in harmony with the other decisions of this court.

The petition in this case was signed by Henry C. and Mary F. Bohn, who were husband and wife, and after stating the name, age and sex of appellant, alleged her mother's name was Lucinda C. Leadbettes; that she had been deserted by her husband and was unable to support the child and had given her consent in writing to the adoption, which consent was attached to the petition. The petition stated the mother's residence was Independence, Kansas, and that the given name of her husband was unknown to petitioners. The written consent of the mother attached to the petition purports to have been signed at Independence in the presence of a witness. There was also filed with the petition the affidavit of Henry K. Vincent that the signature to the

consent was the genuine signature of and was in the hand-writing of Lucinda C. Leadbettes; that her husband had deserted her and his whereabouts was unknown. We are of opinion that while the petition itself did not technically state all the things prescribed by the statute, under the decisions above referred to it was such a substantial compliance with the statute that it cannot now be attacked collaterally by appellees, even if the father might have done so in an effort to assert his right to the custody of the child. The entry of the decision of the judge on his docket, which was carried to and entered in the journal by the clerk, recites the court found the petition to be true; that the petitioners were proper persons to adopt the child, were able to provide her proper support and education, and the name was ordered changed to that of petitioners. The mother's consent in writing to the adoption, filed with and referred to in the petition, may properly be considered a part of it. The statement in the petition that the husband of the mother had deserted her is properly to be understood and construed as a statement that the child's father had deserted her. The affidavit of Vincent, which was filed with the petition, in addition to stating the husband of the child's mother had deserted her, stated his whereabouts was unknown. It is true it was not stated the desertion had continued for the space of a year, but in view of our former decision in the case of *Barnard* v. *Barnard, supra,* where the petition was held a sufficient compliance with the statute as against such an attack as is here made against the validity of the adoption, we think it must be held the county court had jurisdiction to enter a decree. In that case, as we have seen, the petition stated the mother had consented in writing to the adoption, but it did not state the father's name, whether he was dead or alive, or whether if alive he had deserted the child. The court held the petition was a sufficient compliance with the statute when the adoption was disputed by the blood kin of the adoptive parent in a collateral proceed-

ing. In *Sullivan* v. *People, supra,* the court expressly approved the decision in the *Barnard case* as being correct. It was also said in the *Sullivan case* that no notice of the adoption proceeding having been given the father, who it was alleged had deserted the child but was a resident of the county where the proceeding was had, the decree was void as to him but was conclusive on the parties to the proceeding and their heirs. Here the father is not complaining, and nearly forty years after the adoption, and after both adoptive parents are dead, the validity of the adoption is collaterally disputed by the collateral kin by blood of Mrs. Bohn.

We do not consider the decision of this case in any manner depends upon whether the entry of the *nunc pro tunc* decree in February, 1922, was a legal and valid act of the county court of Marion county at that time. The formal writing out of the action of the court in rendering a judgment or decree and recording it is to preserve accurately a record of what the court's action was, so that all persons interested may know what the court decided. We are of opinion where a judge of a court which has jurisdiction, as we hold the county court of Marion county had, writes out on his docket what his decision is and embraces in the entry the necessary things to a valid judgment or decree, and the clerk transcribes that into the record of the court, it is not essential to the validity of the judgment that the records should show any further entries. The order and decree in the adoption proceeding as written by the judge and entered of record by the clerk do not contain the redundant expressions usually found in a formally expanded judgment or decree but do contain everything vital to a valid order. The decree finds the allegations of the petition are true and that the petitioners are proper persons to adopt the child and have the ability to afford her proper support and education. It is ordered the prayer for adoption be granted and the name of the child changed to that of the adoptive parents. That was a sufficient record of

the court's action without the entry of the *nunc pro tunc* decree, whether it was properly entered or not.

The judgment of the circuit court is reversed and the judgment of the county court is affirmed.

*Judgment of circuit court reversed.*
*Judgment of county court affirmed.*

Mr. Justice Dunn, dissenting.