(No. 30366.

HOWARD GEBHARDT, Appellee, *vs.* MINNIE GEBHARDT WARREN *et al.*, Appellants.

*Opinion filed January 22, 1948.*

Eva L. Minor, of Kankakee, for appellants.

Arthur Poorman, of Chicago Heights, Armen R. Blanke, of Kankakee, and Schradzke & Gould, of Chicago, for appellee.

Mr. Justice Simpson delivered the opinion of the court:

This is a direct appeal from a decree of the circuit court of Kankakee County, which partitioned real estate owned in his lifetime by Charles Gebhardt, now deceased. Appellee, Howard Gebhardt, the plaintiff below, was awarded a

seven twenty-fourths interest as the adopted son of Frank Gebhardt, who was a true son of the intestate, Charles Gebhardt. Appellants, who are the other heirs of Charles Gebhardt, seek to review that finding of the court on the ground that appellee was not the legally adopted son of Frank Gebhardt. The trial court has reserved jurisdiction of so much of the cause as pertains to an accounting of other property not involved here. Since the necessary result of our judgment must be that one party will gain and the other lose a freehold estate, a freehold is involved so as to give this court jurisdiction on direct appeal. *Hachadourian* v. *Bogosian,* 393 Ill. 135; *Wood* v. *Dillon,* 391 Ill. 186.

Motions filed in this court and taken with the case have created an issue as to what portions of the transcript of the adoption proceedings are correctly included in the record before us. Appellee introduced the petition and order into evidence, marking them as exhibits "A" and "B." Physically attached to these documents when they were introduced into evidence were copies of an appearance, of a consent to adoption, answer of guardian *ad litem,* a summons, and the certificate of the clerk, none of which were specifically introduced into evidence, but which, nevertheless, came before the court. All these documents were made a part of the record by the court reporter who prepared the report of proceedings, and such report was certified by the trial judge. Because appellants here rely, in part, on many alleged errors appearing in documents other than the petition and order, appellee has filed a motion seeking to strike from the report of proceedings, from the abstract of record, and from the brief and argument of appellants, all references to any portion of the adoption proceedings other than the petition and order. In response to this motion appellants have presented an affidavit of the trial judge in which he states that he considered all portions of the

transcript, in addition to arguments resisting the motion.

We are of the opinion that the entire transcript of the adoption proceedings is properly in the record before us. The report of proceedings shows that when the transcript of record, which contained the petition and the decree, was offered in evidence, the court asked: "Is that an authenticated copy?" and when assured it was, stated: "It may be admitted into evidence," referring apparently to the entire transcript and not the petition and decree separately.

In *In re Estate of Bohn,* 308 Ill. 214, this court stated that the mother's consent in writing to the adoption, filed with and referred to in the petition, may properly be considered a part of it. The same may be true of an entry of appearance in such cases. The certificate of the trial judge in the report of proceedings, as to what took place before him, is conclusive in this court. (*People* v. *Bouderioyni,* 299 Ill. 96.) Here the certificate of the trial judge indicates that the entire adoption transcript was admitted into evidence and considered by him. Appellee's motion to strike parts of the record is denied.

It is conceded that the main issue presented for review is the validity of the adoption proceedings. The attack directed against those proceedings is collateral and the sole inquiry therefore is whether the county court had jurisdiction to render the order. (*Ashlock* v. *Ashlock,* 360 Ill. 115; *McConnell* v. *McConnell,* 345 Ill. 70.) Since parties thereto are not objecting, that inquiry is further limited to the jurisdiction of the subject matter. (*McConnell* v. *McConnell,* 345 Ill. 70; *In re Estate of Bohn,* 308 Ill. 214.) If it appears from the record that the court did not acquire jurisdiction of the subject matter, the order of adoption is open to collateral attack. *Hopkins* v. *Gifford,* 309 Ill. 363; *Kennedy* v. *Borah,* 226 Ill. 243.

The record shows that on May 27, 1922, Frank and Elizabeth Gebhardt filed a petition in the county court of

Cook County to adopt Edwin Keller, the illegitimate son of one Katherine Keller, and to change his name to Howard Gebhardt. The petitioners alleged that they were residents of "the City of Chicago Heights, *County of Will,* State of Illinois;" that Edwin Keller was a male child of the age of one year and six months; that they wished to adopt him to provide him with the necessities of life, an education, and for the purpose of inheritance; that the mother of the child had consented to the adoption of the child by the petitioners; that they had custody of the child at 1128 Emerald Ave., Chicago Heights, Illinois, and that said child was found in the City of Chicago, Cook County, Illinois.

Attached to the petition was an appearance signed by Katherine Keller, "the mother of the child to be adopted" and defendant in the cause, in which she entered her appearance, waived process and consented to a decree in accordance with the prayer of the petition. This document, which has no date, was captioned as follows:

"State of Illinois, ⎱
County of DuPage ⎰ SS.

Cook
In the County Court of ~~DuPage~~ County.

In the Matter of the Application of ⎱
    *Martin A. Krueger and Marguerite*
    *Krueger* to Adopt Edwin Keller." ⎰

Also attached to the petition was a document entitled "Consent to Adoption," dated December 31, 1921. This document recited that Katherine Keller, of the City of Chicago, Cook County, Illinois, mother of Edwin Keller, "do hereby consent to the adoption of said child by —," then followed the words "Martin A. Krueger and Marguerite Krueger" which had been deleted by a line, and the words "Frank Gebhardt and Elizabeth Gebhardt" inserted above the lineated words. The caption of this docu-

ment likewise stated that it was "In the Matter of the Application of Martin A. Krueger and Marguerite Krueger to Adopt Edwin Keller."

Appellants' first contention is that these documents fail to show substantial compliance with the requirements of the statute conferring jurisdiction of the subject matter, and that the county court of Cook County was without jurisdiction to enter the decree of adoption. It is evident that the form used had first been made out for the Kruegers and a later attempt was made to change it. The rule in this State, as discussed and set forth in *McConnell* v. *McConnell*, 345 Ill. 70, is one of substantial compliance with the adoption statute.

Section 1 of the Adoption Act in effect on May 27, 1922, (Ill. Rev. Stat. 1921, chap. 4, sec. 1,) provided in part as follows: "That any reputable person may petition the circuit or county court of the county in which he resides, or where the child may be found, for leave to adopt a child not his own," etc. Appellants contend the petition on its face shows substantial want of compliance with the statute for the reason that it was filed in the county court of Cook County, whereas it recites that the petitioners were residents of "the City of Chicago Heights, *Will County,* Illinois. We have previously pointed out in the case of *Kennedy* v. *Borah,* 226 Ill. 243, that the statute does not require that the petition state that petitioner was a resident of the county where the petition was presented, but requires only that he present the petition to the county court of the county where he resides. In the *Kennedy case* the objection went to the failure of the petition to state the county wherein the petitioner resided. In the present case the objection goes to the fact that while the petition was filed in Cook County, the petitioner is alleged to be a resident of Chicago Heights, Will County, Illinois. This court will take judicial notice of the fact that the city of Chicago Heights is actually located in Cook County. The words

contained in the petition are thus erroneous, and, by virtue of the *Kennedy case,* are mere surplusage and will be disregarded. Petitioners filed the petition in the county court of the county of their actual residence and thus substantially complied with the provisions of the statute.

Appellants further contend that the .county court of Cook County did not have jurisdiction because the petition recited that the child resided in Chicago Heights, Illinois, which, according to the petition, was located in Will County. They also question the sufficiency and construction of the language of the petition which states that the child was found in the city of Chicago, Cook County, Illinois. Inasmuch as the. provisions in section 1 of the Adoption Act, pertaining to the child, are alternative to the provisions dealing with the residence of the petitioner, this contention need not be considered, in view of our finding that petitioners did file their petition in the. county where they resided.

The validity of the proceeding is next attacked on the ground that the petition failed to state the residence of the mother of the child as far as known by petitioners, as required by statute. Appellee meets this contention by pointing out that the consent filed with the petition stated the mother's place of residence to be in Chicago, Illinois, which, in *Flannigan* v. *Howard,* 200 Ill. 396, was held to fully satisfy the requirement of the statute. In connection with this point, appellants advance arguments, based on the appearance and the consent, that the court. did not have jurisdiction of the person of the mother. As we previously stated, since the parties to the adoption proceeding are not objecting, our inquiry is limited to the question whether the trial court had jurisdiction of the subject matter. It is true that the captions contained on the appearance and consent were different from those contained on the petition, yet, since those documents are properly considered a part of the petition, (*In re Estate of Bohn,* 308 Ill. 214,) the

caption of the petition is controlling and the erroneous one appearing on the appearance and consent may be considered as surplusage. The statement of the mother's residence appearing in the consent constituted a substantial compliance with the statute, and stated the residence of the mother as far as known. This contention of appellant must also fail.

It is next urged that the petition failed to make the persons named therein defendants by name, as required by statute. In *McConnell* v. *McConnell*, 345 Ill. 70, this same objection was raised and we held that such a contention was not sufficient to defeat the adoption where the record showed the parent had been duly summoned and appeared in court in person. In this case Katherine Keller waived process and consented to a decree of adoption, and voluntarily placed herself within the jurisdiction of the court, thus curing any irregularity which might arise from not naming her a party defendant, and satisfied the technicalities of the statute which require that she be named a party defendant. It was also held in the *McConnell case* that the child need not be made a defendant to the proceeding. It follows that a summons would not have to issue against him. Appellants next attack the validity of the consent of the mother. Since we have held that the consent may properly be considered a part of the petition, the argument advanced is without merit and no further consideration will be given the point.

The last contention relative to the adoption proceedings is that the findings in the decree are contrary to the record. This pertains to a misnaming of the child in one paragraph of the decree. In view of the fact that the child is correctly named "Edwin Keller" in eight other places in the decree, we are of the opinion that it is an obvious clerical error. That contention is without merit.

We are of the opinion that the adoption proceedings substantially complied with the statute, giving the county

court of Cook County jurisdiction of the subject matter. To accede to the points urged by appellants would be to indulge in such a narrow and technical construction of the statute as to defeat its intention and beneficial results. The trial court did not err in finding that Howard Gebhardt was the legally adopted son of Frank and Elizabeth Gebhardt, or in its decree awarding him his proportionate share of the Charles Gebhardt estate.

Appellants also assign error as to the portion of the decree which provided that reasonable solicitor's fees for services rendered by appellee's solicitor in this case should be allowed and taxed as costs. Section 40 of the Partition Act (Ill. Rev. Stat. 1945, chap. 106, par. 40,) provides that this may be done "unless the defendants, or some one of them, shall interpose a good and substantial defense to said complaint." Here the suit was strongly contested, and appellants in good faith advanced reasonable and substantial grounds on which they defended. Under these circumstances, it was error to tax the solicitor's fees of appellee as costs.

The decree of the circuit court is reversed as to allowance of solicitor's fees, but affirmed in all other respects.

*Affirmed in part and reversed in part.*