Seymour B. Cohen and Patricia M. Cohen, Petitioners-Appellants, v. Baby Girl Janic, a Minor, and Judith Ann Janic, Respondents-Appellees.

Gen. No. 49,698.

First District, First Division.

April 7, 1965.

Norman S. Rothbart, of Chicago (Harry D. Cohen and Earle A. Malkin, of counsel), for appellants.

Posanski, Johannsen, Krohn & Jacobs, of Chicago, for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal by petitioners in an adoption proceeding from orders: (1) allowing the withdrawal of consent by respondent;[1] (2) denying petitioners' motion to vacate such order; (3) denying petitioners' request for a decree of adoption; and (4) awarding custody of the child to respondent.

On October 10, 1963, Seymour and Patricia Cohen filed a petition for adoption of Baby Girl Janic. Respondent signed a consent in the form prescribed by section 9.1–10A of the Adoption Act (Ill Rev Stats 1963, c 4). At the time she signed the form, however, the names of the adopting parents were not stated in the blank space provided. The names of petitioners were inserted by an employee of Cook County Department of Public Aid, Court Service Division, after the acknowledgment of respondent had been taken pursuant to court order. The consent was then filed and the court entered an order finding that a consent had been voluntarily signed; that the consent was acknowledged according to law and was valid; that, after a preliminary examination, the petitioners appeared to

---

[1] Judith Ann Janic is referred to herein as respondent although her child, Baby Girl Janic, also was a respondent in the trial court.

be competent persons of good moral character. The court also ordered that the respondent be deprived of all parental rights to the child, Baby Girl Janic, that Baby Girl Janic be made a ward of the court, and that custody be temporarily awarded to the petitioners until further order of court.

Three months later respondent filed a petition stated to be under Illinois Revised Statutes 1963, c 110, § 72, to vacate the order of October 10, 1963, and to permit withdrawal of her consent of October 7. She alleged that since the names of petitioners did not appear in the consent form when she signed it, it was invalid and that the consent was obtained by duress and fraud. At the hearing on the petition, no evidence as to duress was adduced and the court found that there was no fraud. Nevertheless, the court ordered that respondent "is granted leave to withdraw her purported consent" and that the order terminating the parental rights of respondent be vacated.

■ Section 9.1–11 of the Adoption Law provides that a consent to adoption by a parent is irrevocable "unless it shall have been obtained by fraud or duress and a court of competent jurisdiction shall so find." Since no evidence of duress was proffered and since the court found there was no fraud, the court could not properly permit the consent to be withdrawn unless it had been improperly executed. In re Wojtkowiak, 14 Ill App2d 344, 144 NE2d 760, and People ex rel. Filipkowski v. Gusterine, 16 Ill App2d 336, 148 NE2d 1.

The court also found that the form of consent did not comply with statutory requirements in that the names of the adopting parents were not inserted at the time it was signed. A form of consent is set out in section 9.1–10 of the Adoption Act and includes a statement: "That I do hereby consent and agree to the adoption of such child by —— and ——."

However, the preamble recites that the form "shall be substantially" as thereafter described. The purpose of the consent is to advise the court that the parent is irrevocably relinquishing all parental rights to the child. The execution of the consent prior to the filing of the petition does not affect its validity. (Ill Rev Stats 1963, c 4, § 9.1–13A(a).) To insure the voluntariness of the consent and the comprehension of the natural parent in signing it, either the court itself or someone designated by the court is charged with the responsibility of acknowledging the consent. (Ill Rev Stats 1963, c 4, § 9.1–10F.)

Gwendolyn Gilmore testified that she is employed as a supervisor of the Court Service Division of the Cook County Department of Public Aid; that prior to the signing of the consent she asked the respondent "if she is doing this of her own volition" and "if she realized the finality of her consent that once she had signed her legal consent, she would be unable to get the baby back . . . " The supervisor further testified that she told the respondent: "she is not to sign this unless she is doing it of her own free will because we have an obligation to the court to make absolutely certain at the time the consent is taken that it's valid." The verified certificate of acknowledgment signed by Gwendolyn Gilmore states that she is an employee of the Cook County Department of Public Aid, Court Service Division, who was designated by the Judge of the County Court to acknowledge consents in adoption cases. She certifies that Judy A. Janic "appeared before me this day in person and acknowledged that she signed and delivered such consent as her free and voluntary act for the specified purpose; I have fully explained to her that by signing such consent she (the mother) is irrevocably relinquishing all parental

rights to said child and she stated that such is her intention and desire." [2]

■ ■ When a petition for adoption is approved by the court, the child becomes a ward of the court and custody of the child is determined by that court. The selection of the adopting parents is beyond the control of the consenting parent; even though the names of the adopting parents are omitted, the form "substantially" complies with the requirements of the form of consent.

■ Our Supreme Court has held that substantial compliance with the requirements of the Adoption Act is sufficient. Gebhardt v. Warren, 399 Ill 196, 77 NE2d 187; In re Estate of Wolfner, 44 Ill App2d 77, 194 NE2d 1; McConnell v. McConnell, 345 Ill 70, 177 NE 692.

Section 9.1–20 of the Adoption Act specifically provides that the Act "shall be liberally construed, and the rule that statutes in derogation of the common law must be strictly construed shall not apply to this Act."

■ We also note that section 9.1–10B of the Adoption Act states that "the names of the petitioners or adopting parents shall not be included" when the surrender of the child is to an agency. Since the parent is not cognizant of the names of adopting parents when the adoption proceeds through an agency, there can be no merit in urging that there must be disclosure when individual petitioners are the adopting parents. The court is the guardian of the child and through its investigative facilities determines the ultimate custody of the child. In addition, safeguards as to confidentiality are provided for in section 9.1–18 of the Adoption Act and in section 73–17(4) of the Public Health

---

[2] This form of acknowledgment is in accordance with Ill Rev Stats 1963, c 4, § 9.1–10H.

Act.[3] The finding that the consent did not comply with statutory requirements and "is held for naught" was erroneous.

The court also found that a payment of $200 was made to respondent in violation of law. The Adoption Act prohibits the payment or receipt of compensation for placing out of a child except that the reasonable and actual medical fees in connection with the birth of the child may be paid to the natural mother.[4] The petition of respondent contained no allegations as to any payments. From the testimony of the respondent and petitioners' attorney it appears that a $200 payment was made as reimbursement for hospital and medical expenses. Under the pleadings and the evidence, it was error to find that laws as to illegal placement were violated by either party. Even if there had been an illegal placement of the child the penalty for the payor and the recipient is a fine or imprisonment.[5] If there was proof beyond a reasonable doubt that the law was violated, a criminal conviction could have resulted. There is no sanction in this section of the Act which would vitiate the consent to adoption.

We reverse the orders of March 5, 1964, and March 30, 1964, and remand the cause to the Circuit Court with directions to dismiss the petition of Judith Ann Janic and to enter a Decree of Adoption in favor of petitioners pursuant to their Petition to Adopt.

Reversed and remanded with directions to dismiss.

McCORMICK, P. J. and ENGLISH, J., concur.

---

[3] Ill Rev Stats 1963, c 111½.
[4] Ill Rev Stats 1963, c 4, §§ 9.1–21, 12–1, 12–2 and 12–4.
[5] Ill Rev Stats 1963, c 4, § 12–5.