J. T. LOCKE, INDIVIDUALLY AND ON BEHALF OF THE OTHER HEIRS AT LAW OF
    FANNIE T. SPAULDING, DECEASED, v. E. R. MERRICK, TRUSTEE,
    NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY, L. J.
    SPAULDING, ADMINISTRATOR OF FANNIE T. SPAULDING, DECEASED,
    J. S. STEWART, MARY ELIZABETH (PEGGY) SPAULDING, A MINOR,
    C. V. JONES, GUARDIAN AD LITEM OF MARY ELIZABETH (PEGGY)
    SPAULDING, AND GENEVA THOMPSON ET AL., BLOOD RELATIONS OF
    FANNIE T. SPAULDING, DECEASED.

(Filed 12 January, 1944.)

**1. Adoption § 3—**

The abandonment of a child by its parents is commonly specified by
statute as a ground for dispensing with their consent to its adoption.
In such case adoption will be allowed not only without the consent of the
parents, but even against their opposition. This was our law in 1923.
N. C. C. S., 1919, sec. 182, et seq.

**2. Adoption §§ 3, 9—**

In an adoption proceeding in 1923, where the court found that the
parents of a minor child had abandoned such child and the evidence on
which the finding was made does not appear in the record, there is a
presumption that it was sufficient to sustain the finding.

**3. Adoption § 9—**

Adoption proceedings are conclusive as to persons who were parties
thereto, and as to their privies, notwithstanding a defect as to a party
who would be entitled to disregard them as not binding on him, but who
does not complain of his nonjoinder.

**4. Adoption § 10—**

The right of adoption is not only beneficial to those immediately con-
cerned, but likewise to the public, and construction of the statute should
not be narrow or technical, but rather fair and reasonable, where all
material provisions of the statute have been complied with.

APPEAL by plaintiffs from *Thompson, J.,* at April Term, 1943, of
DURHAM. Affirmed.

This is a civil action instituted 12 September, 1942, by the plaintiff,
J. T. Locke, for himself and others similarly situated, as the nearest
collateral blood relations of Fannie T. Spaulding, who died intestate
3 July, 1942, without lineal descendants, against E. R. Merrick, Trustee
in a deed of trust executed 11 June, 1937, by Fannie T. Spaulding and
her husband, L. J. Spaulding, to secure a note for $17,758.82 due the
North Carolina Mutual Life Insurance Company, and L. J. Spaulding,
Administrator of Fannie T. Spaulding, to obtain a restraining order
against the consummation of the sale of the real estate upon which said
deed of trust was given and of which Fannie T. Spaulding died seized
and possessed, and for which J. S. Stewart had become the highest bidder
at a foreclosure sale, which said sale had not been affirmed, pending

the determination of the owners of the equity of redemption in said real estate.

The defendant, L. J. Spaulding, Administrator, of Fannie T. Spaulding, filed answer denying the claims of the plaintiffs, J. T. Locke and the other collateral blood relations of Fannie T. Spaulding, deceased, and alleging that one Mary Elizabeth (Peggy) Spaulding was an adopted child of Fannie T. Spaulding, deceased, and as such was the owner of the equity of redemption in the real estate involved in this action.

Upon hearing, the temporary restraining order was continued until the final hearing, and upon petition and motion of the defendant Spaulding, Administrator, Mary Elizabeth (Peggy) Spaulding, the alleged adopted child, and the collateral blood relations other than J. T. Locke, were made parties defendant to this action. A guardian *ad litem,* C. V. Jones, was appointed for the minor, Mary Elizabeth (Peggy) Spaulding, who filed answer asserting exclusive ownership in his ward of the equity of redemption in the real estate involved.

When the case came on for final hearing, jury trial was waived, and it was agreed by the parties litigant that the judge might find the facts and enter his conclusions of law upon the facts so found.

It was admitted in the record that the plaintiffs, J. T. Locke and others similarly situated, were the nearest blood relations of Fannie T. Spaulding, deceased, who never had a child born alive, and that the said Fannie T. Spaulding died intestate, seized and possessed of the real estate involved in this case, subject to the indebtedness against such property represented by a note held by the North Carolina Mutual Life Insurance Company secured by deed of trust thereon to E. R. Merrick, Trustee.

After hearing the evidence offered by the plaintiffs and by the defendant, the court found the facts and adjudicated upon such findings that Mary Elizabeth (Peggy) Spaulding was the legally adopted child of Fannie T. Spaulding, deceased, and as such is the sole owner of the real estate involved in this controversy; and that the plaintiffs J. T. Locke and the other blood relations of the said Fannie T. Spaulding have no interest or estate in such property.

To some of the facts found by the court, and to the conclusions of law reached by the court, and to the judgment that the plaintiffs have no interest in the estate of Fannie T. Spaulding, deceased, entered by the court, the plaintiffs objected, preserved exceptions, and appealed to the Supreme Court.

*R. O. Everett for the plaintiffs, appellants.*

*Claude V. Jones, Attorney and Guardian ad Litem of Mary Elizabeth (Peggy) Spaulding, appellee.*

SCHENCK, J. The decision of this case depends upon whether the proceedings involving the adoption of Mary Elizabeth (Peggy) Spaulding held in New Hanover County in May, 1923, were valid. If such proceedings were valid, the judgment of the Superior Court that the plaintiffs have no interest in the estate of Fannie T. Spaulding, deceased, was correct, and should be affirmed; if such proceedings were not valid, the judgment of the Superior Court was in error, and should be reversed.

In determining the validity of the adoption proceedings in 1923, it should be noted that the parents of the child were not made parties thereto, and that their consent to the adoption does not appear therein. However, it is alleged in the petition "that the father and the mother of the said child have abandoned the said child, and the Recorder of the County of New Hanover ordered said child in the custody of the Clerk of the Superior Court, who delivered the custody of the child to Mrs. Maggie Price, of the Salvation Army, and that the said child now has no legal or testamentary guardian"; and that Mrs. Maggie Price, with whom said child now resides, consents to such adoption; also it is found in the order of the clerk granting the letters of adoption "that Mary Elizabeth Spaulding is an abandoned child, . . . and that the parents of said child have abandoned the said child . . . and that Mrs. Maggie Price, with whom said child resides, consents thereto" (to the adoption). The plaintiffs contend that the failure to make the parents of the child a party to the proceedings or to obtain their consent to the adoption, is fatal to their validity. Such is not the law, the law being that the obtaining of the consent of the parents to the adoption is necessary, except where the child has been abandoned by the parents, in which situation it is well settled that the obtaining of such consent to the adoption is not required.

In 1 Amer. Jur., Adoption of Children, par. 42, p. 643, it is said: "Abandonment of a child by its parents is commonly specified by statute as a ground for dispensing with their consent to its adoption. In such case, adoption will be allowed not only without the consent of the parents, but even against their opposition." Therefore, the finding of fact by the clerk in 1923 that the parents, whose names were unknown, had abandoned the child would seem sufficient evidence for the judge of the Superior Court to find as a fact in the case at bar that the parents of the child had abandoned the child, which fact would support the conclusion of law that the adoption proceedings were valid. While the evidence upon which the petitioners alleged and the clerk found that the parents had abandoned the child does not appear in the record, it is proper to observe that the law did not require that this evidence be preserved, or even reduced to writing, and since the evidence is not in the record it is presumed that it was sufficient to sustain the findings. Hence, since the findings were made in 1923, and since the parents of the child

were then, and still are twenty years thereafter, unknown, such findings by the clerk were sufficient evidence to support the finding by the judge, to whom the findings of fact by agreement were referred, that the parents had abandoned the child.

The record of the adoption proceedings of 1923, which was introduced in evidence in the case at bar, likewise reveals that the petition therein alleged that "Mary Elizabeth Spaulding is . . . at present in the custody and charge of Mrs. Maggie Price, a member of the Salvation Army," and further that "to which adoption Mrs. Maggie Price, with whom the said child now resides, consents," and the order granting the letters of adoption finds as a fact "that Mrs. Maggie Price with whom said child resides, consents thereto" (to the adoption), it would seem that these facts found in 1923 would constitute sufficient evidence to support the finding of the court in the case at bar that the consent to the adoption was given by Mrs. Maggie Price, the person having charge of the child and with whom such child resided.

We are of the opinion that the law governing adoptions in this State in 1923 has been substantially complied with in this case. It is found in ch. 2, secs. 182, *et seq.,* Consolidated Statutes of North Carolina of 1919.

The petition which was introduced in evidence sets forth the name and age of the child, the name of the person having charge of the child, that the child has no estate and the adoption is sought for the life of the child; the person having charge of such child was made a party of record in the proceeding; and with the consent of the person who had charge of the child and with whom the child resided, the court allowed such adoption by an order granting letters of adoption; the record further discloses that the parents of the child were unknown and had willfully abandoned said child.

The adoption proceeding in 1923 was instituted by Louis J. Spaulding and wife, Fannie T. Spaulding, against Mrs. Maggie Price. Neither Louis J. Spaulding and Fannie T. Spaulding, nor those claiming under them, can be heard to attack such proceedings, since they were parties thereto, and especially is this so since the only defect in the adoption proceedings which the plaintiffs in the case at bar assert is that the proceedings could not be binding upon the parents of the child, who made no complaint against the adoption proceedings.

"The more approved rule, however, is that adoption proceedings are conclusive as to persons who were parties thereto, and as to their privies, notwithstanding a defect as to a party who would be entitled to disregard them as not binding upon him, but who does not complain of his non-joinder. As has been very pertinently pointed out, no rights of the parent and the child would be impaired by giving force and effect to the

contract of adoption and permitting the child to succeed to the state of the adoptive parent as the adopted child of the latter." 1 Amer. Jur., Adoption of Children, par. 45, pp. 647-8.

What was said by the United States Circuit Court of Appeals for the 7th Circuit upholding the legality of an adoption proceeding, under the Illinois statute, in the case of *Carter Oil Company v. Norman,* 131 F. 2d, at page 451, is applicable to the case at bar. It is there written: "An adoption proceeding, it is true, is statutory, and jurisdiction of the subject matter and of the person is each a prerequisite to the validity of a decree of adoption. *Hook v. Wright,* 329 Ill., 299, 160 N. E., 579, and the record of the proceeding must show a substantial compliance with the statute to give the court jurisdiction in exercising the statutory powers conferred, yet, in the consideration of defendant's contention, it is well to remember that since the right of adoption is not only beneficial to those immediately concerned but likewise to the public, construction of the statute should not be narrow or technical nor compliance therewith examined with a judicial microscope in order that every slight defect may be magnified—rather, the construction ought to be fair and reasonable, so as not to defeat the act or the beneficial results where all material provisions of the statute have been complied with. *McConnell v. McConnell,* 345 Ill., 70, 177 N. E., 692. Much more does this principle apply where the parties to the adoption proceedings are not objecting, the inquiry in such case being narrowed to the jurisdiction of the subject matter. *Ashlock v. Ashlock,* 360 Ill., 115, 195 N. E., 657."

In the case at bar the record discloses that the names of the parents of the child were unknown in 1923, and are still unknown, and for that reason their names could not be set out in the petition, and no summons or other process could be served upon them. As a matter of fact, not only was the identity of the parents of the child unknown at the time the proceedings were instituted, but it was not known whether the child was a white or colored child. It was, however, later disclosed that the child was colored.

It cannot be held that the parents of the child must be made parties to the proceedings, or the consent of the parents must be obtained in order to give validity to the proceedings, when it appears from the record that the parents were and are still unknown, and that the child had been abandoned, and that the party to whom the custody of the child has been committed by the clerk, and with whom the child resided, had consented to the adoption.

The judgment of the Superior Court is
Affirmed.