(No. 20417.—

MOSCOE H. MCCONNELL, Appellant, *vs.* GEORGE W. MC-CONNELL, *et al.* Appellees.

*Opinion filed June 18, 1931—Rehearing denied October 7, 1931.*

C. H. Wood, (Matthias Concannon, of counsel,) for appellant.

John E. Wall, for appellees.

Mr. Chief Justice Stone delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Adams county dismissing appellant's bill for partition for want of equity. Appellant is a brother and heir-at-law of Wiley N. McConnell, deceased, who died seized of the real estate involved here. His widow, Mayme H. McConnell, survived him but he left no children nor descendants of children, unless the appellee Donald C. McConnell is the lawfully adopted son of the deceased. That is the question in this case. Appellant's contention is that appellee Donald C. McConnell, formerly known as Chester D. Long, was not legally adopted. Appellee Mayme H. McConnell, widow of the deceased, filed her answer to the bill, admitting other allegations thereof as to ownership of the property but set up that she and Wiley N. McConnell, deceased, in his lifetime, as husband and wife, filed their joint petition in the county court of Adams county on July 9, 1917, for the adoption of Chester D. Long, her son by a former husband, and that he was duly adopted by an order and decree of the county court of Adams county entered July 20, 1917; that John H. Long, the father of Chester D. Long, was made party to the adoption proceedings, summons was served on him and he personally appeared in open court at the time of the proceedings, and the court found that he had deserted the child for more than six months next preceding the filing of the petition for adoption, that Mayme H. McConnell, as the mother of the

child, had filed her consent to the adoption proceedings, and entered a valid order of adoption as prayed. It appears from the record of the adoption proceedings that Chester D. Long was at that time eight years of age. The court entered a decree finding the jurisdictional facts and ordering the adoption of Chester D. Long by Wiley N. McConnell and his wife, Mayme, and that the name of the child be changed to Donald C. McConnell, by which name he has been known since that time. An attack is made in this case on the adoption proceedings. A hearing was had before the chancellor, who found the adoption proceedings to be valid and dismissed the appellant's bill for want of equity.

Numerous errors are assigned, but the validity of the adoption proceedings is the one to which argument is addressed in this court. The attack on those proceedings being collateral, our only inquiry concerns the jurisdiction of the court. Since the parties thereto are not objecting, that inquiry is further limited to jurisdiction of the subject matter. (*In the matter of Bohn,* 308 Ill. 214; *Sullivan* v. *People,* 224 id. 468.) If it appears from the record that the court did not acquire jurisdiction of the subject matter the order of adoption is open to collateral attack. *Hopkins* v. *Gifford,* 309 Ill. 363; *Kennedy* v. *Borah,* 226 id. 243; *Flannigan* v. *Howard,* 200 id. 396.

The petition in the adoption proceedings sets out that the petitioners, Wiley N. McConnell and Mayme H. McConnell, desire to adopt Chester D. Long. The petition states his age, the names of his parents and their residence, and asserts that the mother, Mayme H. McConnell, one of the petitioners, consents to the adoption of the child; that John H. Long, the father of the child, has abandoned and deserted him for more than six months prior to filing the petition, and further avers that the petitioners are of sufficient ability to furnish the child a suitable home and education. The petition then prays for an order adopting the child; that his name be changed to Donald Charles McCon-

nell and that such order or orders may be made as to law and justice may appertain. With this was filed the written consent of Mayme H. McConnell, mother of the child. On the back of the petition was endorsed by the county judge, "Let summons issue returnable July 20, 1917." The clerk issued summons for John H. Long as defendant and the same was served upon him by the sheriff of Adams county. The decree recites the appearance of the petitioners and of John H. Long, the father of the child, in his own proper person, and a hearing of testimony. The decree finds that summons was issued out of the court directing the sheriff of Adams county "to summon the said defendant, John H. Long, by certain day, to-wit, the 20th day of July, 1917, at nine o'clock A. M., to answer the petition now on file by Wiley N. McConnell and Mayme H. McConnell to adopt Chester D. Long as their own child." The court finds that John H. Long, the father, abandoned and deserted the child for more than six months preceding the filing of the petition and that it has jurisdiction of the persons and the subject matter and decrees the adoption of the child.

The attack made upon these proceedings is that the petition did not name John H. Long nor Chester D. Long, the child, as parties defendant. As we have seen, however, it appears from the record that John H. Long was summoned as a defendant and appeared in court in person. In *Hopkins* v. *Gifford, supra,* this court said concerning adoption proceedings: "The adoption of friendless, dependent or orphan children tends to conserve the best interests of society and the State. All States of the Union now have adoption statutes. The right of adoption is not only beneficial to those immediately concerned but likewise to the public. It is not the duty of courts to bring the judicial microscope to bear upon such a case in order that every slight defect may be magnified so that a reason may be found for declaring invalid the proceedings under a beneficent statute of this character. Courts are more inclined to

abandon the old rule of strict construction and to place a fair and reasonable construction on adoption statutes, to the end that the adoption may be upheld and the assumed relationship sustained. There must be a substantial compliance with the provisions of statutes conferring jurisdiction, but the construction of such statutes is not to be so narrow or technical as to defeat the intention of the act or the beneficial results where all material provisions of the statute have been complied with.—*Kennedy* v. *Borah,* 226 Ill. 243; *Flannigan* v. *Howard,* 200 id. 396; 1 Corpus Juris, 1373." The rule of substantial compliance with essential requirements of the statute has also been adopted by various other States of the Union. (*Middleworth* v. *Ordway,* 191 N. Y. 404, 84 N. E. 291; *In re Hughes,* 225 Pa. 79; *Parinton* v. *Jamrock,* 195 Mass. 187, 80 N. E. 802; *Hillers* v. *Taylor,* 108 Md. 148, 69 Atl. 715; *Woodward's Appeal,* 81 Conn. 152, 70 Atl. 452; *Monk* v. *McDaniel,* 120 Ga. 480, 47 S. E. 931; *Lamb* v. *Marrow,* 140 Iowa, 89, 117 N. W. 1118; *Schlitz* v. *Roenitz,* 86 Wis. 31, 56 N. W. 194; *Luppie* v. *Winans,* 37 N. J. Eq. 245.) Other opinions of this court have also announced the rule of substantial compliance with the Adoption statute as to matters of jurisdiction. *In the matter of Bohn, supra; VanMatre* v. *Sankey,* 148 Ill. 536; *Barnard* v. *Barnard,* 119 id. 92.

Appellant places great reliance on *Keal* v. *Rhydderck,* 317 Ill. 231, where it was said in the opinion that the Adoption statute being in derogation of the common law, "the statute conferring the right of adoption must be strictly construed." It is also in that opinion said that one who claims the right of adoption "must show that every requirement of the statute has been strictly complied with," citing *Ex parte Clarke,* 87 Cal. 638. In *Watts* v. *Dull,* 184 Ill. 86, it was held that it was necessary that the petition filed set forth facts required by the statute in order to confer jurisdiction. In *Keal* v. *Rhydderck* the petition did not state that the parents, or either of them, consented to the adop-

tion of the child or set out any reasons why the parents, or either of them, were unfit to have the custody of the child. In *Watts* v. *Dull, supra,* the husband of the petitioner did not join in the petition. The decisions in those cases, by reason of want of substantial compliance with the statute conferring jurisdiction, were right, but the language in *Keal* v. *Rhydderck, supra,* indicating that a rule of strict compliance should be followed rather than that of substantial compliance, for many years the rule in this State and generally, is not in accord with the general rule on the subject and is not adhered to.

It is necessary that the proceedings show substantial compliance with the statute conferring jurisdiction of the subject matter, and, so far as the rights of the parents of the child are concerned, likewise jurisdiction of their persons. It is also the rule that no presumption in aid of jurisdiction exists. As was said in *Kennedy* v. *Borah, supra,* and other opinions of this court, "there must be a substantial compliance with the provisions of the statute conferring jurisdiction on the court, but the construction is not to be so narrow or technical as to defeat the intention of the legislature and thereby invalidate a proceeding where every material provision of the statute has been complied with, and a decree in such a case is not open to collateral attack on the ground that it is erroneous if the jurisdictional facts appear.—*Flannigan* v. *Howard,* 200 Ill. 396." In this case, while the petition did not in explicit language name as a defendant John H. Long, the father of the child sought to be adopted, it charged that he had abandoned the child and deserted it for a period of more than six months. The record shows that he was ordered by the court to be summoned as a defendant, that such summons was served on him and that he appeared in court in his own proper person. The mother, though not named as defendant, was party petitioner and consented to the adoption of the child. The decree found that it had jurisdiction of the parties and the

subject matter. The summons served upon John H. Long commanded him to appear to show cause, if any he had, why Chester D. Long should not be adopted by the petitioners according to the prayer of the petition. The record sufficiently shows jurisdiction of the parties and the subject matter. Proceedings in adoption matters are as in chancery. The statute requires that the summons issue as in chancery, excepting as to return time. In *Tourville* v. *Pierson,* 39 Ill. 446, the validity of a decree against Louisa Tourville was attacked. She was not named as party defendant but was served with summons, and it was held that notwithstanding the fact that she was not named as party defendant, the court, under chancery practice, acquired jurisdiction of her by service of summons upon her.

It is also contended that the adoption is void for the reason that the child, Chester D. Long, though named in the petition, was not made party defendant; that no service of summons was had upon him and that no guardian *ad litem* was appointed for him. This question has not been directly passed upon by this court although it was decided contrary to the contentions of appellant in *People* v. *Wethel,* 202 Ill. App. 77, and a petition for *certiorari* in that case was denied by this court. The argument is, that since the second section of the act in relation to adoption provides that the petition shall state the name, if known, the sex and approximate age of the child sought to be adopted, and also provides "all persons so named in such petition shall be made defendants by name and shall be notified of such proceedings by summons," etc., it was necessary, in order to give jurisdiction of the subject matter, that the child be also named as defendant, served with summons and a guardian *ad litem* appointed for him. This section also contains this language: "Provided, however, that in all cases where the persons or any of them hereinabove required to be made defendants shall have been deprived of the custody of the child sought to be adopted by

a court of competent jurisdiction, and such court," etc. The question is whether the language "all persons so named in such petition shall be made defendants" was intended by the legislature to include the child.

The act in relation to adoption as enacted in 1874 clearly did not require the minor child to be made a defendant or to be represented by a guardian *ad litem*. The act of 1874 was amended in 1907 and is in substance the present act. It is to be determined from its provisions whether it was the intention of the legislature to change the public policy of the State in this regard. An examination of section 2 of the act shows that the parties to be served with summons are grouped under subdivisions lettered *a, b, c* and *d*. They are the parents and persons standing *in loco parentis* and indicate the intention of the legislature that these, only, are to be served with summons. Considered in connection with the language "in all cases where the persons or any of them hereinabove required to be made defendants shall have been deprived of the custody of the child sought to be adopted by a court of competent jurisdiction," etc., it seems clear that it was not the intention of the legislature that the child should be made party defendant. It does not appear that it was the intention of the legislature to change the policy of the State in this regard by the amendment of 1907. Had it so intended it is but reasonable to suppose that it would have so specified in clear language. The Adoption statute is for the benefit of the child. In this case the mother of the child sought to be adopted, and who was a natural guardian of him, was one of the petitioners and consented in writing to the adoption. The law makes the parents the natural guardians or custodians of their children. The statute provides that if the parents consent, or one consents and the other is unfit, or both are unfit for any of the reasons enumerated, the court may, if the facts stated in the petition are true and the petitioner is of sufficient ability to bring up the child

and furnish it a suitable home and education, enter a decree ordering such adoption. That such was the legislative intention is further evidenced by section 4 of the Adoption act, in which it is provided that if the child is fourteen years of age or upward the adoption shall not be without his consent. In this case the child was eight years of age. In adoption cases the jurisdiction of the court over the child is the same as that exercised by courts of chancery and is the exercise of the prerogative of the sovereign, springing from its power and duty as *parens patriæ* to guard the interest of the defendant and protect and control it. 2 Story's Eq. Jur. 1333-1341; *Petition of Ferrier,* 103 Ill. 367; *VanMatre* v. *Sankey, supra.*

The record contains no error requiring reversal, and the decree of the circuit court will be affirmed.

*Decree affirmed.*