In re Estate of Allie O. Harris, Deceased.
Ida Harris Burke, Appellant, v. Shirley Mae
Wallace, Appellee.

Gen. No. 9,669.

Opinion filed October 31, 1949. Rehearing denied December 24, 1949. Released for publication December 27, 1949.

EDWIN W. COLLORD, of Champaign, for appellant.

HENRY I. GREEN, ORIS BARTH, DARIUS E. PHEBUS and JEANETTE SHROYER, all of Urbana, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

163

This appeal questions the sufficiency of a petition filed by plaintiff appellant, Ida Harris Burke, in the county court of Champaign county, sitting in probate, which asked for the revocation of letters of administration in the matter of the estate of Allie O. Harris, deceased, previously issued by that court to Shirley Mae Wallace, defendant appellee, and for the vacation of a decree of heirship which decreed that defendant was a daughter of decedent by virtue of a decree of adoption. The letters of administration had been issued to defendant on her representation that she was the adopted daughter of decedent. The petition of plaintiff was denied and on appeal to the circuit court defendant's motion to strike and dismiss the petition was allowed. Plaintiff appeals from such last order.

 Since this is a collateral attack on the adoption of defendant, the plaintiff can only question the jurisdiction of the court granting the adoption. And, even though jurisdiction of both the subject matter and the person are essential to a valid decree, where none of the parties to the adoption proceeding are complaining, the inquiry is further narrowed to the question of jurisdiction of the subject matter. If it appears that the court did not acquire jurisdiction of the subject matter, the order of adoption is open to collateral attack. (*Gebhardt v. Warren*, 399 Ill. 196.) Jurisdiction of the subject matter and of the person is each a prerequisite to the validity of a decree of adoption. Jurisdiction of the subject matter where applied to a particular controversy is the right to hear and determine that controversy. Adoption proceedings were unknown to the common law and are a creature of the statute. Jurisdiction to hear and determine certain controversies may be conferred on the county court by statute, and this has been done in the case of adoption proceedings. Jurisdiction in special

statutory proceedings are never presumed, but must affirmatively appear from the record. This is true even though the rule of construction presently in force in Illinois as regards adoption proceedings requires only a substantial compliance with the statute. The petition of adoption required to put the court in motion and give it jurisdiction must therefore be in conformity with the statute and the requisite facts must appear upon the face of the petition itself. (*Ashlock v. Ashlock,* 360 Ill. 115.) If the decree is void and subject to collateral attack there can be no estoppel by judgment. Nor can there be an estoppel *in pais,* for such must be mutual to be binding and an infant cannot be estopped. (*Keal v. Rhydderck,* 317 Ill. 231.)

The applicable provisions of the Adoption Act in force at the time of the adoption proceedings are to be found in Ill. Rev. Stat. 1943, ch. 4, and read as follows:

Section 4. "If the child is of the age of fourteen years or upwards, the adoption shall not be made without his consent."

Section 9c. "An inhabitant of this State, the husband of a woman who has a minor child or children by a former husband, . . . may petition the County or Circuit Court of his or her proper county for leave to adopt such minor child or children. In all cases, including those where either or both husband and wife have such minor child or children, or where the wife has a child or children, the application shall be made jointly by the husband and wife. A petition so filed shall be sufficient to authorize the court to hear said cause and to enter a proper order or decree of adoption."

In the case of *McConnell v. McConnell,* 345 Ill. 70, the court said it was clearly not the intention of the

165

legislature that the child should be made a party defendant in an adoption proceeding.

██ ██ Plaintiff's sole contention is that because the defendant was over the age of 14 years at the time of the adoption proceedings, and because nowhere in the record for adoption, or in the decree of adoption, was there any averment, statement, evidence or intimation that the defendant, then a child aged 17 years, consented to the adoption, and because such petition for adoption and decree of adoption constitute the entire record, it follows that the requisite jurisdictional facts do not appear of record to give the court jurisdiction of the subject matter of the adoption proceedings, and that therefore the decree of adoption was void. Nowhere in such Adoption Act is it required that the petition shall state or that the decree shall state or find that the child does consent to the adoption. There is nothing in the record whatever to indicate that the defendant did not consent to the adoption, and nothing to indicate that the court did not fully inquire into the wishes of the defendant, or that the court was not guided by her wishes in the entry of the adoption decree. Whether the defendant consented to the adoption was a question of fact. As stated in *Kennedy v. Borah*, 226 Ill. 243, at page 253, "Whether the facts proved justified the decree (of adoption) cannot be inquired into in this collateral proceeding." Moreover sec. 11 of the Adoption Act in question provided that "the provisions of the Civil Practice Act . . . shall apply to all proceedings hereunder . . . ." (*In re Petition of Ekendahl v. Topol*, 321 Ill. App. 457.) Paragraph 2 of sec. 64 of the Civil Practice Act [Ill. Rev. Stat. ch. 110, par. 188, subpar. (2); Jones Ill. Stats. Ann. 104.064, subpar. (2)] in force at the time in question provided that "no special findings of fact or propositions of law shall be necessary in any case at law tried with-

out a jury to support the judgment or as a basis of review,'' and paragraph 3 thereof provided that "no special findings of fact or certificate of evidence shall be necessary in any case in equity to support the decree.''

Moreover, it will be noted that the last sentence of sec. 9c of the Adoption Act above quoted specifically provides that such a petition so filed shall be sufficient to authorize the court to hear the cause and enter a proper order or decree of adoption.

In our opinion there is no merit to the contention of plaintiff.

Therefore, the circuit court did not err in entering the order appealed from. Such order is affirmed.

*Affirmed.*