(No. 34971.—

*In re* PETITION OF JAMES SIMANER, JR., Appellee.— (JOSEPH SIMONICK *et al.*, Appellants.)

*Opinion filed January 23, 1959.*

FREDERICK J. BERTRAM, of Chicago, for appellants.

EDWIN W. JACKSON, and ROBERT E. CRONIN, both of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal by Joseph Simonick and Jeanette Simonick, the natural parents of Joseph Simonick, Jr., a minor, from an order by the county court of Cook County denying leave to appellants to file a motion to dismiss the adoption proceedings, and decreeing said Joseph Simonick, Jr., to be the child of James Simaner, Jr.

Joseph Simonick, Jr., the minor, was born to Jeanette Simonick, then Jeanette Lave, and Joseph Simonick, on March 26, 1955, prior to their marriage. The record reveals that in September, 1955, the mother went to the Catholic Home Bureau and discussed the placement of herself and the child. She was then three months pregnant with another child by the same man. On October 27, 1955, she was informed that St. Vincent's Orphanage had an opening for the baby. The mother took the child to St. Vincent's on that date, returned home, and the next day took her clothing and reported to the Catholic Home Bureau. She was placed in a suburban home. On November 23, 1955, she gave her consent to the Catholic Home Bureau to place the child in a family home for adoption, without notice to her, and gave the Catholic Home Bureau, its officers and agents, full right and authority to enter her appearance in any proceedings for adoption, and she consented to the adoption of the child by the persons selected by said bureau.

The Bureau placed the child in the home of James and Margaret Simaner for adoption.

On March 4, 1956, the natural mother gave birth to her second child. About March 15, 1956, she contacted the Catholic Home Bureau and attempted to orally revoke her consent for the adoption of Joseph Simonick, Jr. On April 21, 1956, the mother and father were married.

On June 27, 1956, the Simaners filed their petition to adopt in the county court of Cook County. This petition

alleged Jeanette Simonick to be the mother and sole parent of the child, and that she had surrendered the child to the Catholic Home Bureau and had authorized the Bureau, in writing, to place the child for adoption and to consent to the adoption without notice to the mother. Summons was served on the minor child and a guardian *ad litem* appointed for him. This guardian *ad litem* answered and consented to the adoption on September 18, 1956. Consent to the adoption was entered by the Catholic Home Bureau.

On July 27, 1956, the appellants, Jeanette and Joseph Simonick filed their appearance and on September 18, 1956, filed their petition to intervene in the proceeding, alleging they were the natural parents of Joseph Simonick, Jr., that they were married the 21st day of April, 1956, that the father, Joseph Simonick, had not and did not consent to the adoption and had not been made a party defendant to the adoption proceeding; that at the time Jeanette Simonick surrendered the child to the Catholic Home Bureau and consented to its being placed for adoption, she was under great mental stress and emotional tension and disturbance; that she had attempted to recover the child; and prayed leave to intervene and that Jeanette Simonick be permitted to withdraw her consent.

The Simaners moved to strike the petition and the court permitted each party to present evidence and argue the cause. Leave to intervene was granted, but leave to withdraw the mother's consent was denied, and it was found that the alleged natural father had no rights in the matter.

The record reveals that the court then delayed the entry of a decree of adoption, on October 25, 1956, to permit the intervenors to appeal and obtain review of its order. The judge stated that he did so to avoid administrative complications arising should his order be reversed.

The natural mother and father sought direct appeal to this court alleging that sections 2—1, 3—7, 4—1, 7—2, 7—3, 7—4, and 7—5 of the Adoption Act (Ill. Rev. Stat.

1955, chap. 4, pars. 2—1, etc.) and the special limitation act (par. 10—1) were unconstitutional and invalid. These provisions relate to the procedures to be followed in an adoption proceeding, the requirements relating to consent to adoption, and the practice on appeals from adoption decrees. On the motion of the Simaners this court transferred the appeal to the Appellate Court, First District, as no constitutional question had been determined by the county court.

On December 23, 1957, the Appellate Court affirmed the trial court, holding that the consent of Jeanette Lave Simonick was not obtained by fraud or duress, which is the only basis upon which a consent may be revoked under the provisions of section 3—7 of the Adoption Act, that the father, Joseph Simonick, had no rights in the adoption proceeding, and the mother could not withdraw her consent. (*In re Petition of Simaner*, 16 Ill. App. 2d 48.) This court dismissed an appeal from the decision of the Appellate Court, and denied leave to appeal. *Simaner* v. *Simonick*, 13 Ill.2d 627.

On April 11, 1958, the appellants, Jeanette and Joseph Simonick, presented a motion in the proceeding in the county court, to dismiss the petition for adoption. In this motion they alleged that the consent of Jeanette Simonick did not meet the requirements of sections 3—6, 3—7, and 3—8 of the Adoption Act, which govern the form, irrevocability, and requirement of consents, that petitioner Margaret Simaner had died on September 28, 1957, and that James Simaner, Jr., had no legal right to adopt the child, and such adoption would violate the rights of the child and his parents under the due process clauses of the constitutions of the United States and the State of Illinois; that the provisions of section 3—7 of the Adoption Act providing that certain consents to adoption shall be irrevocable is invalid and unconstitutional as a deprivation of right without due process of law, and an attempt by the legisla-

ture to usurp judicial powers in violation of the 14th amendment to the constitution of the United States and of section 2 of article II, and of article III of the Illinois constitution; and that since section 3—7 of the Adoption Act was so invalid and unconstitutional, the revocation and withdrawal of consent to the adoption by Jeanette Simonick was lawful and the proceeding should be dismissed.

The court examined the motion, and on April 15, 1958, refused to rule upon it and entered an order denying leave to file it.

On April 29, 1958, James Simaner, Jr., filed an amendment to the petition to adopt Joseph Simonick suggesting the death of his wife, Margaret Simaner on September 28, 1957, and reaffirming his desire and petition to adopt Joseph Simonick. To this amendment, the Catholic Home Bureau filed its appearance and consent. Decree of adoption was thereupon entered by the county court of Cook County.

On May 23, 1958, appellants filed notice of appeal. The notice prayed for reversal of the decree of adoption, that the petition to adopt be dismissed, and that the court find that the order and decree violates the constitutional rights of appellants to due process of law under the State and Federal constitutions, and that the amendments to the Adoption Act, being sections 2—1 as effective July 1, 1955, 2—1 as effective January 1, 1956, relating to summons, parties and consents; 3—7 approved July 15, 1953, relatting to irrevocability of consents; 7—3 as approved July 11, 1955, relating to liberal construction of the act; and 7—4 as approved July 11, 1955, relating to waiver of defects in pleadings, be held invalid and unconstitutional.

The jurisdiction of this court is invoked upon direct appeal, the validity, construction and constitutionality of certain statutory provisions, and other constitutional questions being involved. Appellants assert (1) that the county court of Cook County was without jurisdiction to enter an adoption decree, as both of the two legal parents had not

signed consents thereto, (2) that the adoption statutes, being in derogation of common law, should be strictly construed where a natural parent is deprived of the possession of his child, (3) that the decree of adoption violates the constitutional rights of both the minor child and his natural parents under the "due process" clauses of the State and Federal constitutions, (4) that section 3—7 of the Adoption Act is invalid and unconstitutional if construed to deprive a parent of the right to revoke or withdraw consent prior to the entry of the decree of adoption, and (5) that the court erred in refusing to sustain appellants' motion to dismiss the petition to adopt and in failing to dismiss the petition.

Appellants first argue that the county court of Cook County was without jurisdiction to enter an adoption decree, for the reason that there was a failure of compliance with the provisions of the Adoption Act. They rely on sections 2—1, 3—8, and 4—1 of the Adoption Act to contend that where there are two legal parents, only one of whom has signed a consent to adoption, the court has no jurisdiction except to dismiss the adoption proceeding.

Section 2—1 provides that the parents of the child sought to be adopted shall be made parties to the proceeding and their consent shall be required, except where proof is made that the parents, or legal custodian, have been deprived of the custody of the child by a court of competent jurisdiction or they have surrendered the child to a State licensed child welfare agency for the purpose of adoption, or the child welfare agency has acquired the custody and control of the child by other legal means and is authorized to consent to the adoption of the child without notice to and without the consent of the parents or such other persons.

Section 3—8 provides no decree of adoption shall be entered for any of the causes set forth in section 4—1 without consent by the person or persons provided in the

act. Section 4—1 requires the court to hear evidence and find that the parents consent to the adoption; or have been deprived of custody by a court of competent jurisdiction, or have surrendered the child to a licensed child welfare agency for adoption and that such agency is authorized to and does consent to the adoption.

Appellants insist that since the natural parents were married prior to the filing of the petition to adopt Joseph Simonick, a minor, that the child was legitimatized, and the father was a necessary party to the petition and must consent to the adoption. Since the father was neither a party nor a consentee to this adoption, appellants contend the court was without jurisdiction.

This question has been determined, and all its aspects were or could have been presented in the appeal from the county court's order pursuant to appellants' petition to intervene. (*In re Petition of Simaner,* 16 Ill. App. 2d 48.) This court refused to permit appeal from that appellate court opinion. The cause being between the same parties, upon the same cause of action, the doctrine of *res judicata* extends to all grounds of recovery or defense presented or which might have been presented. *Chicago and Western Indiana Railroad Co.* v. *Alquist,* 415 Ill. 537; *People ex rel. Modern Woodmen of America* v. *Circuit Court of Washington County,* 347 Ill. 34.

Appellants next assert that the adoption statutes being in derogation of common law, must be strictly construed, especially where the effect of adoption would be to deprive a natural parent of his child. Hence appellants contend that the court lacked jurisdiction under a strict construction of the statutes. A short answer to this contention is that section 7—3 of the Adoption Act provides that "This Act shall be liberally construed, and the rule that statutes in derogation of the common law must be strictly construed shall not apply to this Act." (Ill. Rev. Stat. 1957, chap. 4, par. 7—3.) Moreover, *McConnell* v. *McConnell,* 345 Ill.

70, specifically held the prevailing rule in Illinois to be that substantial compliance with the jurisdictional requirements of the adoption statutes is sufficient. Such jurisdiction is not presumed, but the petition for adoption must show sufficient facts on its face to give the court jurisdiction of an adoption matter. (*Burstein* v. *Millikin Trust Co.* 350 Ill. App. 462.) The petition in this case did, upon its face, show such compliance with the adoption statutes as to confer jurisdiction upon the county court.

Appellants next contend that the decree of adoption violates the constitutional rights of both the minor child and his natural parents to "due process" under the Federal and State constitutions, it thus being beyond the jurisdiction of the court to enter a decree of adoption. They point out that constitutional questions or objections relating to the power or jurisdiction of the court to enter a decree can be raised at any time; that it is the duty of courts, both *nisi prius* and appellate, to protect the rights and interests of a minor and consider any substantial question or objection whether raised in the trial court or not, and further that the failure of the trial court to consider the motion to dismiss was error. The allegations of violation of due process are general only, and it is well established that constitutional issues cannot be raised by general allegations. *Jewel Tea Co.* v. *Rowe,* 414 Ill. 495.

Appellants do assert, however, that section 3—7 of the Adoption Act, (Ill. Rev. Stat. 1955, chap. 4, par. 3—7) is invalid and unconstitutional if construed to deprive a parent, prior to the entry of a decree of adoption, of the right to revoke or withdraw consent to the adoption. They insist, therefore, that the general power given by Jeanette Lave to the Catholic Home Bureau to place the child for adoption and to consent thereto, was not such consent to this specific adoption petition as required by section 3—7, in reference to section 3—6 of the Adoption Act, moreover that such consent could be revoked or withdrawn by

the mother prior to the decree of adoption, and that the legislature has no authority to authorize anyone to transfer to himself, at his election, the custody and control of the child of another. It is contended that such statutory authorization violates the "due process" clause of the State and Federal constitutions, being section 2 of article II of the Illinois constitution and the 14th amendment to the constitution of the United States.

Section 3—7 of the Adoption Act provides "A consent to adoption executed and witnessed or acknowledged in accordance with the provisions of Section 3—6 of this Act shall be irrevocable unless it shall have been obtained by fraud or duress and a court of competent jurisdiction shall so find."

Section 3—6 of the Adoption Act provides for a written consent, wherever the act provides for a consent by any person or persons, to be acknowledged in open court or before the clerk of the court in which the petition is filed or to be filed, or by a duly authorized probation officer or a representative of a licensed child welfare agency, but provides that any consent executed by a court-appointed guardian or by a licensed child welfare agency whose appearance has been filed in the adoption proceedings need not be acknowledged or witnessed.

Appellant cites only one Illinois case, *In re Thompson v. Burns,* 337 Ill. App. 354, in support of its contention. That opinion recites no case bearing directly on the question of whether a mother had a right to withdraw or revoke her consent to an adoption, but determined the better rule of law to be that a mother had the right to withdraw her consent before the court had actually acted upon the petition to adopt. No constitutional issue was raised or determined in regard to such question. Moreover, that opinion was published in 1949, at which time the provisions of section 3—7 had not yet been added to our Adoption Act.

Appellants cite no authority which holds or infers that

to statutorily provide for the irrevocability of consent to adoption would do violence to constitutional due process. The burden of showing the statute to be unconstitutional is upon appellants, who raised the issue, and they have not here met that burden. (*Johnson* v. *Halpin,* 413 Ill. 257.) Moreover, in our view, sections 3—7 and 3—6 relate to all consents in relation to adoption. Certainly section 3—7 is not by its language limited to consents to a specific petition for adoption, and section 3—6 refers to consents witnessed by a representative of a licensed child welfare agency. Moreover, in 1957 the legislature included in section 3—7 the provision that surrender of a child to a licensed child welfare agency for the purpose of adoption by the parent or parents is irrevocable unless obtained by fraud or duress, thus specifically spelling out the legislative intent.

The issues in relation to the mother's consent, and her attempted revocation thereof, are also, in this matter, *res judicata* as issues presented and determined, or which should have been presented and determined on the appeal from the court's order in relation to the petition to intervene as above discussed.

As a further element of their contention that section 3—7 of the Adoption Act is invalid and unconstitutional, appellants insist that the legislature has no power to authorize one person to transfer to himself, at his election, the custody and control of the child of another. Appellants fail to point out wherein our Adoption Act so provides. Certainly such a thing has not occurred in this case where the unwed mother had legally, and in accordance with our statutory procedure, surrendered custody and consented to adoption. Statutory safeguards of notice and consent are written into the provisions of our Adoption Act, and the parent here had surrendered her rights to notice and to be heard by her consent. (2 C.J.S., 373, Adoption of

Children, sec. 5.) Moreover, again the appellants fail, in this regard, to sustain their burden of proving our section 3—7 of our Adoption Act unconstitutional. Their allegations of invalidity and unconstitutionality are general in nature.

Appellants then urge section 3—7 to be unconstitutional in that it permits a parent to be deprived of his child without notice or opportunity to be heard, thus violating due process. Such a statute would be unconstitutional, (2 C.J.S., 373, Adoption of Children, sec. 5,) but we have no such statute. As above noted, our statute provides for notice and consent. The mother here surrendered the child to a licensed child welfare agency, waived notice, and consented to adoption. The alleged father had no rights in the proceeding, as previously determined. Our statute does not denote and opportunity to be heard to the parent who has a right to the custody of the child. Appellants again fail to sustain their burden of proving that the irrevocability provision of section 3—7 renders the statute unconstitutional for the reason assigned.

Finally appellants urge section 3—7 to be unconstitutional as an attempt by the legislature to usurp judicial powers of the courts, as they contend that the right to determine whether consent to adopt may be withdrawn or revoked is strictly a judicial function. Again appellants fail to meet their burden of proof, for no authority is given for their conclusion. Moreover, adoption is a question for the State, in the discharge of its duty as *parens patriae,* to regulate through its legislature as to it seems wise, hence judicial proceedings are not essential to the validity of statutes providing for the adoption of minors. 2 C.J.S., 373, Adoption of Children, sec. 5.

The final contention of appellants is that, having found the parents of this minor child to have been wed prior to the filing of the petition for adoption, that only the mother

had consented thereto, and that the father had not consented and was objecting thereto, the county court had no jurisdiction and could only order dismissal of the case. It has been judicially determined that the consent of the mother was valid and obtained without fraud and duress, that the alleged father had no rights in the proceeding to adopt this child. The provisions of the Adoption Act being presumed valid and constitutional, they not having been proved otherwise, and the jurisdictional requirements of the act having been substantially complied with, the trial court did have jurisdiction and the right to determine the cause.

The motion to dismiss presented by appellants included only issues which were *res judicata,* or general constitutional questions, presented by parties who had no statutory or constitutional right to intervene in the proceeding as finally determined by the Appellate Court. The trial court correctly refused permission to file the motion to dismiss, and correctly refused to dismiss the petition to adopt.

The decree of adoption is, therefore, affirmed.

*Decree affirmed.*