*In re* ADOPTION OF KIMBERLY GAYLE LUCAS. —(JOSEPH R. FLANGEL, Petitioner-Appellee, *v.* CATHE SUE FLANGEL, Respondent-Appellant.)

Second District    No. 80-17

Opinion filed August 29, 1980.

Gomberg & Schaps, of Chicago (Vincent F. Vitullo, of counsel), for appellant.

Abraham W. Brussel and Ronald S. Ladden, both of Epton, Mullin, Segal & Druth, Ltd., and Mary F. Stafford, both of Chicago, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Respondent, Cathe Sue Flangel, appeals from an order of the trial court which vacated an adoption decree it had earlier entered.

On October 25, 1978, Joseph R. Flangel (adoptive father) and his wife, Cathe Sue (mother) filed a petition to adopt Kimberly Gayle Lucas, the daughter of Cathe Sue Flangel and one of her former husbands, Robert C. Lucas (natural father). Their petition made the requisite allegations under the Adoption Act (Ill. Rev. Stat. 1977, ch. 40, par. 1507(B)), including that the natural father had abandoned and surrendered the child for adoption and that he had executed a valid consent. Attached to the petition was a copy of his purported consent.

A decree of adoption was entered on February 7, 1979, but on March 7, 1979, within 30 days of its entry, the adoptive father petitioned the court to vacate the decree. His petition, as subsequently amended, alleged *inter alia* that he and his wife, the child's mother, were having marital problems which would be injurious to the child; that his wife had fraudulently induced him to adopt the child; and that the natural father's consent, executed in Michigan, complied with neither Illinois nor Michigan law. After receiving memoranda of law and hearing oral argument, the trial court entered an order vacating the adoption decree, stating that defects in the natural father's consent deprived the court of jurisdiction.

The essential issue in this case is whether the natural father's consent was in substantial compliance with Illinois law and, if not, whether the trial court correctly vacated the adoption decree.

The parties are in agreement that the purported consent in this case was defective, but the mother characterizes the defects as merely "technical" which, in light of the rule of liberal construction applicable under the Adoption Act (Ill. Rev. Stat. 1977, ch. 40, par. 1524), should not defeat the efficacy of the consent. She correctly points out that the language used in the consent was virtually identical to that required by section 10(A) of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 1512(A)), and that the consent was notarized.

The consent was not, however, acknowledged by the natural father as his free and voluntary act. The Act provides for this intermediate step of acknowledgement by two different methods:

> "A consent * * * shall be acknowledged by a parent before the presiding judge of the court in which the petition for adoption has been, or is to be, filed or before any other person designated or subsequently approved by such court." (Ill. Rev. Stat. 1977, ch. 40, par. 1512(H).)

Whether the acknowledgment is made in open court or before some "other person," the person receiving the acknowledgment must execute a

certificate in accordance with the form set out at section 10(J) (Ill. Rev. Stat. 1977, ch. 40, par. 1512(J)). The next required step is notarization of the acknowledgment certificate, pursuant to section 10(K) (Ill. Rev. Stat. 1977, ch. 40, par. 1512(K)). That same section further requires: "There shall be attached a certificate of magistracy to a consent signed and acknowledged in another state."

The consent in the present case was executed in Michigan and was not acknowledged; it was the consent document, not a certificate of acknowledgment, that was notarized. Moreover, the requirement of a certificate of magistracy was not met.

The mother seeks to draw an analogy between the present case and *Gebhardt v. Warren* (1948), 399 Ill. 196, 77 N.E.2d 187, wherein the adoption was upheld although the adopted child was misnamed once in the decree through obvious clerical error; and *Hale v. Hale* (1978), 57 Ill. App. 3d 730, 373 N.E.2d 431, wherein the words "final" and "irrevocable" were omitted from the form of the consent. We do not agree that the defects in the present case are merely "technical" and therefore find the cited authorities inapposite.

The adoptive father relies primarily on *In re Jennings* (1975), 32 Ill. App. 3d 857, 336 N.E.2d 786, *aff'd* (1977), 68 Ill. 2d 125, 368 N.E.2d 864, wherein this court held that a consent not properly acknowledged is void because "[t]he requirements of the statute as to the acknowledging or witnessing of the consent are mandatory, and compliance therewith is necessary to the validity of the consent." (*Jennings*, 32 Ill. App. 3d 857, 861, 336 N.E.2d 786, 789; see *In re Thompson v. Burns* (1949), 337 Ill. App. 354, 86 N.E.2d 155.) The court pointed out that such formalities are "for the purpose of emphasizing the solemnity of the step being taken and also for the general purpose of providing protection for the parties to an adoption," noting that the proper execution and acknowledgment of a consent are prerequisites to the irrevocability of the consent under section 11 of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 1513).

The supreme court affirmed the appellate court in *Jennings*, but did not address the question of whether the acknowledgments' nonconformance with the requirements of the Adoption Act invalidated the consent in that case. The court instead found that the acknowledgments were made under an applicable alternative method provided by section 5—9(3) of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 705—9(3)).

■■ We believe our reasoning in *Jennings* applies in this case, wherein none of the required formalities of acknowledgment or authentication was met and the execution of the purported consent was not in substantial compliance with section 10 of the Adoption Act (Ill. Rev. Stat. 1977, ch. 40, par. 1512).

■■ The mother also asserts the adoptive father is "estopped to allege any defect in the proceeding he initiated or to allege any defect which he induced." The authorities on which she relies for this proposition are, however, inapposite. *Henry v. Metz* (1942), 382 Ill. 297, 46 N.E.2d 945; *Illinois Legislative Investigating Com. v. Markham* (1977), 52 Ill. App. 3d 105, 367 N.E.2d 192; and *In re Estate of Trapani* (1959), 21 Ill. App. 2d 19, 157 N.E.2d 83, all reiterate the familiar rule that a party may not appeal from a judgment which granted him full relief. It suffices to say that a motion to vacate a judgment made pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 50(5)) is not an appeal (see *Rickard v. Pozdal* (1975), 31 Ill. App. 3d 542, 334 N.E.2d 288), and section 50(5) does not by its terms limit relief to unsuccessful parties.

■■ ■ Alternatively, the mother suggests that a decree of adoption is in the nature of a consent decree and cannot be vacated without the consent of all the parties. A consent decree merely records the agreement of the parties and does not purport to represent the judgment of the court. (*Nelson v. Nelson* (1950), 340 Ill. App. 463, 92 N.E.2d 534.) An adoption decree clearly does not fit this definition; rather, its entry is dependent on the court's finding "from the evidence, if any, introduced, that the adoption is for the welfare of the child * * *." (Ill. Rev. Stat. 1977, ch. 40, par. 1517.) To deem the parties' agreement controlling would do violence to the principle that the best interests of the person to be adopted shall be the paramount consideration in adoption proceedings. See Ill. Rev. Stat. 1977, ch. 40, pars. 1519 and 1525.

■■ Another issue raised is whether the trial court correctly permitted an amendment of the original petition to vacate after the 30-day term had expired. The mother characterizes the amended petition as a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72). We find no error on this basis. The filing of a motion to vacate within 30 days of entry of a final order satisfies section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 50(5)). (*Kollath v. Chicago Title & Trust Co.* (1975), 62 Ill. 2d 8, 338 N.E.2d 188.) The mother offers no authority for her position, and our own research discloses none which would prohibit amendment of a timely filed section 50(5) motion after the 30-day period has ended.

■■ The mother also contends that the consent of the natural father was unnecessary under section 8 of the Adoption Act (Ill. Rev. Stat. 1977, ch. 40, par. 1510) as he was adjudicated by the trial court to be an unfit person. Essentially, she argues that because the natural father was found to have abandoned his child, this was tantamount to a finding of "unfitness" under section 1 of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 1510), which reads in part:

"D. 'Unfit person' means any person whom the court shall find to

be unfit to have a child sought to be adopted, the grounds of such unfitness being any of the following:

(a) Abandonment of the child * * *."

We disagree with the mother and believe it is readily apparent from the language of section 1(D) that "abandonment" and "unfitness" are separate and distinct concepts. A finding of the former does not compel a finding of the latter; rather, abandonment is only one of the possible grounds for a finding of unfitness. The trial court did not find the natural father to be unfit in this case.

The final issue we address is whether the trial court lacked subject matter jurisdiction to enter the adoption decree. The adoptive father contends that absent a valid consent the trial court was without "jurisdiction to act," a term which he appears to equate with a lack of subject matter jurisdiction.

It is fundamental that jurisdiction refers to the power of a court to hear and decide a case, rightly or wrongly. (*Murch v. Epley* (1943), 385 Ill. 138, 52 N.E.2d 125; *Stupar v. Bank of Westmont* (1976), 40 Ill. App. 3d 514, 352 N.E.2d 29.) The Circuit Court of Lake County was vested with subject matter jurisdiction over this cause by virtue of section 4 of the Adoption Act (Ill. Rev. Stat. 1977, ch. 40, par. 1505); that it initially erroneously found the natural father to have consented to the adoption in accordance with that Act does not deprive it of jurisdiction to act further as it did here.

We therefore affirm the order of the Circuit Court of Lake County vacating the decree of adoption.

Affirmed.

LINDBERG and UNVERZAGT, JJ., concur.