JULIE DAHL *et al.*, Petitioners-Appellants, *v.* JOAN GRENIER, Respondent-Appellee.

First District (1st Division)   No. 83—2071

Opinion filed July 30, 1984.

Thomas E. Burchfield, Larry Selander, and James Potter, all of Keck, Mahin & Cate, of Chicago, for appellants.

James C. Kellogg and Dennis J. Kellogg, both of Chicago, for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Petitioners, the natural grandchildren of decedent, James J. Elwell, sought to vacate and set aside the judgment of adoption by which decedent adopted his stepdaughter, respondent Joan Grenier. Their petition alleged that decedent was under a legal disability at the time the adoption judgment was entered, and that the entering court therefore lacked subject matter jurisdiction. Following a hearing, the trial court entered an order denying the petition, and it is from this order that petitioners now appeal. We affirm.

The record reveals that on June 26, 1980, decedent James Elwell adopted the respondent, who was the daughter of his deceased wife. The certificate of adoption shows that at the time of the adoption the decedent was 70 years and respondent was 49 years old. Prior to the adoption, petitioners were the sole beneficiaries of a trust established under the will of Cary P. Elwell, decedent's mother. Article Six, section 1(a), of the will provides in pertinent part:

> "Upon *** the death of James [Elwell], that fraction of the trust estate equal to the fraction of the income thereof to which James would have been entitled if living shall be distributed in equal shares to the then living grandchildren of James ***.''

As a result of the adoption, the number of potential beneficiaries of the trust increased by three: Michelle, Paul and Steven Grenier, the respondent's children.

On October 5, 1982, the decedent died. Respondent thereafter instituted an action in chancery against The Northern Trust Company, the trust administrator, seeking a finding that her children were decedent's grandchildren under the terms of the trust. Petitioners brought a motion for leave to intervene in the chancery action, which was granted.

Petitioners simultaneously filed a petition to vacate and set aside the judgment of adoption of respondent pursuant to section 2—1401(f) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401(f).) The petition alleged that decedent was "suffering under the legal disability of mental incompetency" at the time the judgment of adoption was entered. Accordingly, the petition alleged that the court lacked subject matter jurisdiction and the judgment of adoption was void *ab initio* and should be set aside. Attached in support of the petition was an affidavit by Anne Elwell, decedent's natural daughter and apparently the petitioners' mother and/or aunt. She alleged in the affidavit that in 1977 and 1978 the decedent underwent surgery to remove blood clots in his brain and became mentally incompetent following the surgery.

Respondent moved to strike portions of the petition, and petitioners in turn moved to strike respondent's motion. Following a hearing, the trial court entered an order denying the petition. In this order, the court found that the judge who heard the adoption petition had jurisdiction of the subject matter and of the persons involved, and that the appropriate Illinois statutes were complied with.

We believe that the denial of the petition to vacate the adoption was proper. The petition specifies that relief is being sought pursuant to section 2—1401(f) of the Code of Civil Procedure, which provides:

> "Nothing contained in this section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." Ill. Rev. Stat. 1983, ch. 110, par. 2—1401(f).

Hence, section 2—1401(f) does not in itself provide a statutory vehicle for seeking relief from a void order or judgment. Rather, this section merely states the well-established rule at common law that a void judgment or decree is subject to collateral attack at any time. (*Reynolds v. Burns* (1960), 20 Ill. 2d 179, 192, 170 N.E.2d 122; see Ill. Ann. Stat., ch. 110, par. 2—1401(f), Historical and Practice Notes, at 610 (Smith-Hurd 1983).) This rule is based upon the court's inherent

authority to expunge from its records void acts. *In re Petition of Stern* (1954), 2 Ill. App. 2d 311, 120 N.E.2d 62.

■ The law is settled that since this is a collateral attack on an adoption, the sole inquiry to be made is whether the court had jurisdiction to enter the adoption judgment. (*Gebhardt v. Warren* (1948), 399 Ill. 196, 199, 77 N.E.2d 187; *In re Estate of Wolfner* (1963), 44 Ill. App. 2d 77, 83, 194 N.E.2d 1.) Where, as here, none of the parties to the adoption proceeding are complaining, the inquiry is further narrowed to the question of jurisdiction of the subject matter. (*Orme v. Northern Trust Co.* (1962), 25 Ill. 2d 151, 163, 183 N.E.2d 505; *Gebhardt v. Warren* (1948), 399 Ill. 196, 199, 77 N.E.2d 187.) Jurisdiction of the subject matter refers to the power of a court to hear and decide a particular case or controversy. *In re Adoption of Lucas* (1980), 87 Ill. App. 3d 1100, 1105, 409 N.E.2d 521; *In re Estate of Harris* (1949), 339 Ill. App. 162, 164, 89 N.E.2d 197.

■ In Illinois, jurisdiction to hear and determine adoption proceedings is conferred by statute. (Ill. Rev. Stat. 1983, ch. 40, par. 1501 *et seq.*) As such, the record must reflect compliance with the provisions of the adoption statute in order for the court to have jurisdiction to exercise the statutory powers conferred. (*In re Estate of Harris* (1949), 339 Ill. App. 162, 89 N.E.2d 197.) The prevailing rule of construction in this State requires only a substantial compliance with the jurisdictional requirements of the adoption statute. (*In re Simaner* (1959), 15 Ill. 2d 568, 155 N.E.2d 555; *McConnell v. McConnell* (1931), 345 Ill. 70, 177 N.E. 692; *Rodriguez v. Koschny* (1978), 57 Ill. App. 3d 355, 373 N.E.2d 47.) Consequently, where the record in an adoption proceeding shows at least substantial compliance with the statute, a judgment of adoption is secure from collateral attack. *In re Estate of Bohn* (1923), 308 Ill. 214, 139 N.E. 64; *In re Petition of Stern* (1954), 2 Ill. App. 2d 311, 120 N.E.2d 62.

In the case before us, petitioners' collateral attack is based solely on their allegation that the decedent was not in compliance with section 2(A) of the Adoption Act. (Ill. Rev. Stat. 1983, ch. 40, par. 1502(A).) This section requires that persons seeking to adopt be under no legal disability. As a result of this alleged noncompliance, petitioners maintain that the court lacked subject matter jurisdiction to enter the adoption judgment. At oral argument before this court, counsel for petitioners flatly denied that the adoption order contained an express finding that decedent was under no legal disability. Counsel maintained that the trial court "merely made the finding that it had subject matter jurisdiction," and that this broad finding was insufficient to now insulate the adoption judgment from a jurisdictional at-

tack.

■ After carefully examining the contents of the record, we must reject petitioners' argument. The record discloses first that on April 2, 1980, the decedent filed a verified petition seeking to adopt respondent. In this petition decedent specifically averred that he was under no legal disability. We note that such an averment was not even required under section 5 of the Adoption Act, which sets forth the requirements for an adoption petition. (Ill. Rev. Stat. 1983, ch. 40, par. 1507.) The record further discloses that on April 16, 1980, the court ordered an investigation to fully inquire into the allegations set forth in decedent's petition and to determine whether decedent was a proper person to adopt respondent.

On June 26, 1980, the court entered the judgment of adoption. In the judgment order, the court stated that it had received a written report from the court-appointed investigator. The court further stated in the order, in relevant part, as follows:

"The Court having heard all the evidence and now being fully advised in the premises, FINDS:

1. That it has jurisdiction of the parties to this cause and the subject matter hereof.

2. That the petitioner herein and the person sought to be adopted have personally appeared in open court.

3. That the petitioner herein is of lawful age, *under no legal disability* and that he resides in the Village of Palos Park, County of Cook and State of Illinois.

\* \* \*

8. That the allegations of the petition are true and proven as therein alleged and it is fit and proper and for the best interest of the person sought to be adopted that the prayer of the petition for adoption be granted." (Emphasis added.)

Hence, contrary to petitioners' assertion, the adoption order contains more than a broad finding that the court had subject matter jurisdiction. Rather, the order shows that the court, following a court-ordered investigation and after hearing the evidence and having had the opportunity to examine decedent in open court, made the explicit finding that decedent was under no legal disability.

■ We note that whether or not decedent was in fact under a legal disability is a factual question which cannot be inquired into in this collateral attack. (See *In re Estate of Wolfner* (1963), 44 Ill. App. 2d 77, 194 N.E.2d 1.) In *Wolfner*, the petitioner attempted to set aside the adoption decrees of his deceased wife's two adopted sons in order to become the principal heir to his wife's estate. The petitioner

collaterally attacked the jurisdiction of the court entering the decrees, alleging that the written consents by each natural mother were invalid for various reasons. In upholding the validity of the decrees, the court limited its inquiry to the record of the proceedings, stating:

> "Petitioner's contentions relative to the consents involve questions of fact which cannot be inquired into in a collateral proceeding. In re Estate of Harris, 339 Ill. App. 162, 166, 89 N.E. 2d 197 (1949), held:
>> 'There is nothing in the record whatever to indicate that the defendant did not consent to the adoption, and nothing to indicate that the court did not fully inquire into the wishes of the defendant, or that the court was not guided by her wishes in the entry of the adoption decree. Whether the defendant consented to the adoption was a question of fact. As stated in Kennedy v. Borah, 226 Ill. 243, at page 253, "Whether the facts proved justified the decree (of adoption) cannot be inquired into in this collateral proceeding." ***' "

(44 Ill. App. 2d 77, 84, 194 N.E.2d 1.)

Similarly, whether in this case the facts proved justified the judgment of adoption cannot be inquired into in this collateral proceeding. Given that there is nothing in the record indicating a failure to comply with the jurisdictional requirements of the adoption statute, the collateral attack in this case must fail.

█ We briefly note that petitioners acknowledge in their brief that "some cases have asserted for a collateral attack to be maintained, the want of jurisdiction must appear on the face of the record." Petitioners state that this rule in the context of adoptions is designed to further the public policy of protecting the child adoption process and the participants therein. They then argue that these policy considerations, and thus the above rule, do not apply in this case due to the ages of the parties to the adoption. Petitioners, however, cite no case law or statute to support this proposition. The adoption statute, by its own terms, applies not only to children but to adults as well. We see no reason to disregard the above rule and the policy considerations underlying the adoption statute for the sole purpose of enabling petitioners in this case to increase their inheritance.

We therefore conclude, based on the record before us, that the trial court had subject matter jurisdiction to enter the adoption judgment, and that the grounds urged by petitioners for vacating the judgment cannot, under the authorities and facts of this case, be sustained. Accordingly, the trial court correctly refused to vacate the judgment of adoption.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG and CAMPBELL, JJ., concur.